# Richmond

DEWEY ORNDORFF V. WAYNE FRANKLIN HOWELL.

April 26, 1943.

Record No. 2657.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Harry R. Kern*, for the plaintiff in error.

*T. Russell Cather*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Dewey Orndorff instituted this action to recover damages for personal injuries sustained by him when struck on the highway by a truck owned and operated by Wayne Frank-

lin Howell. The trial court entered judgment for defendant on the verdict returned by the jury. From that judgment plaintiff obtained this writ of error.

There are only two errors assigned. One is based on the ruling of the court in permitting defendant to file "a statement of the particulars of contributory negligence after the beginning of the trial" and to introduce evidence tending to prove such negligence. The other error assigned is based on the action of the court in its refusal to set aside the verdict of the jury on the ground that "it was contrary to the law and the evidence."

The record does not show the dates on which the notice of motion and the statement of the grounds of defense were filed. It is stated in the petition that defendant "of his own volition, on February 19, 1942, filed a statement charging 'contributory negligence.'" In this paper, the defendant states his second ground of defense as follows: "This defendant will rely upon the defense of contributory negligence on the part of Dewey Orndorff, which contributed to and produced the accident resulting in the injuries here complained of."

No objection was made to the notice of motion or the statement of the grounds of defense, which were all the pleadings filed, before the jury was sworn. When counsel for defendant, on cross-examination, asked the first witness introduced by the plaintiff whether he had seen plaintiff drinking before the accident, counsel for plaintiff objected to the introduction of any testimony along this line on the ground that the statement of the defense of contributory negligence, as quoted above, did not state the particulars of the defense with sufficient particularity to permit the introduction of any evidence on the subject.

The trial court overruled the objection and permitted counsel to state verbally the particulars of his defense. Counsel for plaintiff then said: "That is all right. He can write them out and put them in, subject to our objection." The trial proceeded, and the particulars of the defense, as verbally stated by counsel, were filed.

■ If a defendant in a tort action intended to rely upon the defense of contributory negligence prior to the 1934 amendment to section 6092 of the Code of 1919, he was required to state such defense in writing, "giving the particulars thereof as fully as the plaintiff is required to state the negligence of the defendant in his declaration or bill of particulars," unless contributory negligence was disclosed by plaintiff's testimony. *Payne* v. *Brown*, 133 Va. 222, 112 S. E. 833.

The act of 1934 (Acts 1934, p. 411), amending this section, made substantial changes in the statute. By this amendment, the initiative was shifted from defendant to plaintiff. Defendant is not now required to file a statement of his intention to rely upon the defense of contributory negligence unless the plaintiff moves the court to compel him to do so. Burks Pl. & Prac., 3 ed., 571.

■ The record discloses that plaintiff did not comply with the provisions of the statute; that is, he did not move the court, before trial began, to require defendant to file the particulars of the defense of contributory negligence. However, as stated, the defendant, in his grounds of defense, had included contributory negligence as one of the grounds relied upon. This statement gave plaintiff notice that he would be met at the trial with this defense. If plaintiff thought that the general statement of such a defense filed by defendant did not give him sufficient information, he should have moved the court to require the defendant to state the particulars of this ground of defense. As soon as the matter was brought to the attention of the trial court, the particulars were given.

■ The object of a bill of particulars or a statement of the grounds of defense is to enable the parties to prepare more intelligently for trial and to prevent surprise. If the bill of particulars, or the statement of the grounds of defense, is deemed insufficient by the adverse party, he should comply with section 6091 of the Code. It does not appear from this record that the plaintiff was taken by surprise. Each litigant was allowed full opportunity to present his case to the court

and jury. The court committed no error in permitting the statement to be filed and evidence to be introduced in support thereof.

The other assignment of error presents the question, Does the record contain sufficient credible evidence to support the verdict?

The statutory rule, by which this court is guided in determining whether to sustain or set aside a verdict approved by the judgment of the trial court, is to ascertain whether "the judgment is plainly wrong or without evidence to support it." Code 1919, sec. 6363. Most of the numerous decisions applying this rule are cited in the annotations to Code, sec. 6363 (Michie's Code 1942). See Michie's Digest, Perm. Supp., vol. 1, p. 319; Southeastern Digest, vol. 3, pp. 593-602.

The evidence discloses two theories upon which the respective litigants relied. A greater number of witnesses testified in support of plaintiff's theory of the case. In this sense, the preponderance of the evidence was favorable to plaintiff and was amply sufficient to support a verdict in his favor. Fewer witnesses testified in support of the defendant's theory. These witnesses seem to be credible and they were positive in their testimony, which, if true, convicts plaintiff of contributory negligence.

This court has frequently said that it must consider the evidence, and draw all inferences therefrom, in a light most favorable to the litigant who has obtained a verdict. Special emphasis is added when such verdict has been approved by an experienced trial judge. With these guiding principles in mind, the case, from the defendant's point of view, may be summarized as follows:

The accident occurred on May 17, 1941, about 11:00 P. M., near Shady Rest restaurant, which is located on U. S. Highway No. 50 about 11 miles west of Winchester. The highway was straight for several hundred feet with gravel shoulders on each side of the hard surface, which was 20 to 22 feet wide. Defendant, with two persons riding in the cab with him, was driving west in a one and one-half ton Ford truck, loaded with junk, towards his home in West

Virginia. As he approached Shady Rest restaurant, he observed that a number of cars were parked on both sides of the hard surface on the gravel shoulders. He reduced the speed of his truck to 25 miles an hour. Just before reaching a point on the highway opposite the restaurant, he saw plaintiff, about 25 feet in front of his truck, half-running, half-walking, "at a dog trot," diagonally crossing the highway from south to north. Defendant immediately swerved his truck to the left in order to avoid striking plaintiff. The plaintiff was struck by the right side of the truck, and the right rear wheels passed over him, breaking both legs and inflicting other injuries. The defendant thought that he had missed plaintiff altogether, but he immediately applied his brakes and stopped the truck within 81 feet of the point at which he had first seen the plaintiff.

Defendant did everything possible to avoid striking plaintiff after his sudden appearance on the highway immediately in front of his truck. He was traveling at a moderate rate of speed with his headlights burning. If plaintiff had used ordinary care for his own safety, he would have seen the approaching truck in ample time to have saved himself from injury.

Plaintiff's final contention is that, conceding his negligence in attempting to cross the road diagonally in front of an approaching truck, defendant saw or, in the exercise of ordinary care, should have seen him in ample time to avoid striking him. The trial court gave the jury clear and concise instructions involving the doctrine of the last clear chance. The evidence is not sufficient for this court to hold, as a matter of law, that defendant is liable under this doctrine. The jury's verdict is conclusive.

The judgment of the trial court is

*Affirmed.*