# Richmond

## R. A. West v. J. A. Anderson, State Highway Commissioner of Virginia.

June 9, 1947.

Record No. 3208.

Present, Holt, C. J., and Gregory, Browning, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

C. C. *Collins*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *C. Champion Bowles, Assistant Attorney General,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This case is before us on a writ of error to a judgment in an eminent domain proceeding, wherein an award of condemnation commissioners of $2,757, for land actually taken, was reduced by the trial court to $2,000.

On April 30, 1945, J. A. Anderson, State Highway Commissioner of Virginia, instituted condemnation proceedings under Virginia Code, 1942 (Michie), section 1969j(1) *et seq.*, to acquire a certain strip or parcel of land owned by R. A. West, to be used in the construction and relocation of a state highway on Route 60, between Covington and Clifton Forge, in Alleghany county, Virginia.

The interest proposed to be taken and condemned was described as a fee simple interest in a parcel of land, as shown on a plat attached to the petition, containing .36 of an acre, more or less, adjoining the present highway. The petitioner alleged that an ineffectual effort had been made to acquire the land by purchase.

In accordance with Code, section 1969j (2), the petitioner moved the court to require the defendant to file his grounds of defense. The motion was granted, and West, the defendant, duly filed grounds of defense stating that $2,500 was the value of the land to be taken for highway purposes, and the damages to the residue $1,500. Subsequently, West was allowed to amend his original grounds of defense. By the amendment, he placed the value of the land actually taken at $2,000, and the damage to the residue of his land at $2,500.

On January 31, 1946, five commissioners were appointed by the trial court.

On March 11th, the commissioners, after being duly sworn, together with the trial judge, viewed the land sought to be condemned. The land proposed to be taken was a narrow strip or parcel running 389 feet along the highway, with a width varying between 38 and 42 feet. It was a portion of a tract containing between two and three acres, owned by West, adjoining the highway and sloping down the mountain side to a river.

West and two other witnesses testified as to the valuation and damages. A gasoline service station, formerly located

upon the land, had been abandoned; but the land was described as being a good site for such a station because of its peculiar location on the road.

West, when asked what value he placed upon the land actually taken, said, "Well, with the dirt I have moved up there I should say it is worth $2,000." As to the value of the residue, he said, "I think if I had that property in its present state, I could sell it for $4,500, so that would leave $2,000 for the balance of it. The value of the property, for the purpose for which I bought it, is the frontage adjoining the highway."

The other two witnesses were examined on the question of the amount of compensation West was entitled to. J. B. Greenway said, "I think the value of the property, before the Highway did any work, would be worth Four Thousand Dollars, but since the Highway has taken in the amount of footage they have off of the front of it, it would be kind of hard to say what it would be worth." He stated that the value of the property left after its front portion had been taken by the Highway Commissioner would be small. Alex Vowles testified that he "would hate to take less than Four Thousand Dollars" for the whole of West's land. When asked what would be the value of the rest of the land after the highway was constructed, he replied: "I don't know. It would be a very few hundred dollars. I wouldn't say over Five Hundred Dollars, anyway, without any improvements."

The testimony of West was the only evidence given as to the value of the land actually taken. The evidence of the other two witnesses was cloudy, uncertain, and indefinite. They did not distinguish between the value of the land taken and damages to the residue, nor were they examined as to any enhancement in value of the residue of the land by reason of the improvements to be made on the road.

At the conclusion of the evidence, the commissioners were instructed by the court. The instructions placed no limitation on the amount of recovery. Later, on the same day, the commissioners filed their report fixing the value of the land actually taken at $2,757, and damages to the residue of

the land at $400. The Highway Commissioner promptly excepted to so much of the commissioners' report as fixed the value of the land taken at $2,757, and moved the court to set aside that portion of the award, and put the defendant upon terms to release the sum of $757, the sum in excess of the amount claimed in his grounds of defense and in his testimony, and enter judgment allowing the defendant $2,000 for such land. The defendant moved the court to strike out the exceptions of the Highway Commissioner on the grounds that the defendant was not bound by the value he placed on the land in his grounds of defense, nor by the value stated in his testimony; and that it would be improper, in this proceeding, to put the defendant upon terms to accept a reduced award.

On June 11, 1946, the court, after having considered the exceptions and arguments on the foregoing motions, sustained the exceptions of the Highway Commissioner, overruled the motions of the defendant, reduced the award for the land taken from $2,757 to $2,000, ordered and decreed that the report of the commissioners, in all other respects, be ratified, approved and confirmed, and thereupon entered judgment for R. A. West, the landowner, for the sum of $2,000 for the land taken and the sum of $400 for damages to the residue, to all of which the defendant excepted.

On appeal, the defendant, West, contends that there was ample evidence, admitted without the objection of the plaintiff, to support the valuation placed by the condemnation commissioners upon the land taken; that he was not bound by the maximum valuation declared in his grounds of defense and in his own testimony; and that the court was, therefore, without power or authority to reduce the commissioners' award. He apparently abandoned his original contention as to the inadequacy of the award for damages to the residue of his land.

The Highway Commissioner contends that the grounds of defense filed under Code, section 1969j(2) is a pleading and that the defendant cannot recover a greater sum than he claimed therein; second, that whether or not such grounds of

defense is a pleading, the condemnee is not entitled to compensation in excess of the valuation he placed on his property; and, third, that there was no conflict in the evidence as to the value of the land taken.

The power to condemn property is inherent and inalienable in the sovereign State and proceedings in eminent domain are summary. The jurisdiction of courts over such proceedings is wholly statutory, and the statutes must be strictly construed and followed.

In Virginia, the State Highway Commissioner is vested with the power of eminent domain to acquire the fee simple in land, insofar as it may be necessary for the construction, reconstruction, alteration, maintenance, etc., of the public highways of the State. Virginia Code, 1942 (Michie), section 1969j(1). Procedure for such condemnation is specifically provided in Code, section 1969j(2). Therein it is said that "the procedure shall, except insofar as altered hereby, be mutatis mutandis the same as is prescribed by law for railroad corporations, and the rights of all persons affected shall be subject to the general laws of this State insofar as the same may be applicable under the purposes of this act, and except as hereby altered or modified." The paragraph next following provides where and how the proceedings may be instituted, what the petition for condemnation shall state and the notice to be given to the tenants or owners of the property. After the proceedings have been properly instituted and due notice given, it is provided, "The said tenant of the freehold, or the owner or owners, shall, upon motion of the petitioner, file in writing, within ten days after the return day of the notice of such motion, his grounds of defense, which grounds of defense shall set out valuations of the land to be taken and *on* appraisal of the damages which may accrue to the residue. After the filing of said grounds of defense, or after the time for filing same has expired, the court, or the judge thereof in vacation, shall upon motion of either the petitioner or the landowner, summon either seven or five freeholders, who shall be residents of the county

wherein the land or the greater part thereof to be condemned is situated. * * * ."

The duties of the commissioners and the court are therein set forth. Leave is given either party to file written exceptions to the report of the commissioners. It is next provided that, "The court or the judge, as the case may be, shall have the same power over the commissioners' report as it now has over verdicts of juries in civil actions."

Prior to 1942, the statement to be filed by the condemnee was called a bill of particulars. Since a statement of the grounds of defense serves the same purpose for a defendant that a bill of particulars serves for a plaintiff, it would appear that the amendment was made so that the name of the instrument would correspond to its employment.

The procedure outlined in Code, section 1969j(2) is full and complete. While the statute does not, in terms, abolish pleading by answer, plea, or demurrer, it provides a method whereby the defendant may raise any appropriate issue in the proceedings, whether it relates to a lack of *bona fide* effort to purchase, lack of notice, or want of authority in the condemnor.

Whether the issues be confined to compensation for land taken and damages to the residue, or be enlarged by peculiar defenses to the action, it is mandatory that in any grounds of defense filed by the defendant, he "shall set out valuations of the land to be taken and *on* appraisal of the damages which may accrue to the residue." Where, as here, there are no issues save compensation for land taken and damaged, and a statement of the grounds of defense has been filed setting out a defendant's valuation and appraisal, no further pleading is required. All of the issues are thereby joined.

Grounds of defense filed under section 1969j(2) may be readily distinguished from grounds of defense filed under Virginia Code, 1942 (Michie), section 6091. Section 6091 confers the right to move for a bill of particulars or grounds of defense "in any action or motion" and

declares how it may be enforced. A motion for such a statement is addressed to the sound discretion of the court. Under section 1969j(2), the court has no such discretion. It cannot appoint commissioners until the grounds of defense have been filed, or the time for filing the same has expired. While it is required that the condemnee "shall" file, in writing, his valuation and appraisal within ten days, his failure to do so does not take away his right to recover just compensation for the land taken and damages, if any, to the residue, as those issues are preserved to him by reason of constitutional and statutory provisions. In the event the condemnee fails to file any pleading or grounds of defense, the issues are restricted to the ascertainment of just compensation for land actually taken and damages to the residue.

■ Ordinarily, a statement of grounds of defense does not set out the issue to be tried and is no part of the pleading. Its office is to give the opposing party more definite information of the nature and extent of the defense to the claim against him than is generally declared in the pleadings, and thus to enable the parties to prepare more intelligently for trial and prevent surprise, by limiting them to proof of the particular matters therein set out. *Orndorff v. Howell*, 181 Va. 383, 25 S. E. (2d) 327, and cases cited under Code, section 6091.

■ Code, section 1969j(2) enlarged the employment of grounds of defense by permitting the statement to take the place of the pleading or pleadings otherwise available to a defendant. It, nevertheless, had the same general purpose as Code, section 6091. It was intended thereby to specify and make certain the issues and to give to the condemnor notice of the precise nature and character of the defense, and to define the monetary limit of the dispute between the parties to the extent stated. To this extent it altered or modified the usual procedure of pleading in civil actions.

■■ It is elementary that one cannot recover a greater amount than he sets out or claims in an action brought by him, or ask that his case be made stronger than he makes it, when his case depends upon facts within his own knowl-

edge. Since the burden of proof rests upon a condemnee to prove the value of the land taken from him and his damage, if any, his grounds of defense serve the same function as a declaration in debt or a notice of motion for a judgment.

The admission of a party during the course of a judicial proceeding, relevant to an issue, is of the highest evidential value. When voluntarily and freely made, it is evidence of the most satisfactory character. Here the defendant, in full possession of the facts, freely and voluntarily reduced the amount claimed in his original grounds of defense. His claim made subsequent to the report of the condemnation commissioners is inconsistent with the notice he served upon the Highway Commissioner and also with his own testimony.

Thus, we think, irrespective of whether of defense in this proceeding was a pleading or not, the doctrine of estoppel applies, and the defendant is not entitled to recover a greater sum than the valuation which he placed upon the land actually taken.

The next question is whether the court erroneously entered a final judgment for $2,000, after reducing the award of the commissioners.

As we read the evidence, it was without conflict as to the valuation of the land. The only witness who gave a definite value was the condemnee. He said, in positive and unequivocal terms, that its value was $2,000. The remaining witnesses failed to distinguish the value of the land taken from the damages to the residue in making an estimate of the total amount which they thought the landowner should receive from the condemnation proceeding. It is not shown whether these witnesses considered any enhancement of the value of the remaining property of West, by reason of the improved road, a consideration which the commissioners were required to give. Consequently, no objection was made by the Highway Commissioner to the admission of this evidence. Nor did the landowner ask that his

grounds of defense be further amended to show that the land actually taken had a value in excess of $2,000.

Code, section 1969j(2) gives a trial court the same power over a commissioners' report as it has over verdicts of juries in civil actions. That power is defined in Virginia Code, section 6251, as follows:

"When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted if there is sufficient evidence before the court to enable it to decide the case upon its merits, but such final judgment shall be entered as to the court shall seem right and proper. If necessary to assess damages, which have not been assessed, the court may empanel a jury at its bar to make such assessment, and then enter such final judgment. Nothing in this section contained shall be construed to give to trial courts any greater power over verdicts than they now have under existing rules of procedure, nor to impair the right to move for a new trial on the ground of after-discovered evidence. (Code 1919, section 6251.)"

Discussing Code, section 6251, Judge Burks, in *Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 273, 108 S. E. 15, said:

"The object of the statute is to put an end to litigation, to obviate repeated trials and the delay and expense of litigation, and to remove the temptation to perjury by patching up the weak places disclosed at a former trial, not by after-discovered evidence, but by the same witnesses relied upon at the former trial."

The court did not put the defendant on terms to remit a part of the award, as ascertained by the commissioners, or else submit to a new trial. It set aside the award for the land taken because it was in excess of the defendant's claim. The commissioners had no right to award more than he claimed, and he cannot be heard to complain, since he was allowed all that he asked for and the amount he

said he was entitled to. *Apperson-Lee Motor Co.* v. *Ring*, 150 Va. 283, 143 S. E. 694.

█ █ Where a verdict is in excess of what a party is entitled to, but not in excess of what he claims, the excess may be voluntarily released, or the successful party put on terms to release a part or else submit to a new trial. But if there is no objection to the verdict, except that it is too large, or greater than the amount claimed by the successful party, and the record clearly shows what the excess is, so that judgment may be safely entered for the correct amount, the trial court may enter judgment for the correct amount. It is only where the correction cannot be safely made from the record that the trial court must either set aside the verdict and grant a new trial, or put the successful party on terms to remit a part of his recovery or submit to a new trial.

█ In cases where there is no legal measure of damages, or where the evidence as to the amount is conflicting, or where the court cannot readily ascertain the amount by which the verdict should be reduced, and the only question in dispute is the amount of damages, the proper procedure in Virginia is to empanel a jury simply to assess the damages without passing on the merits of the case. *Isenhour* v. *McGranighan*, 178 Va. 365, 17 S. E. (2d) 383; *Glass* v. *David Pender Groc. Co.*, 174 Va. 196, 5 S. E. (2d) 478.

█ The condemnee cannot be heard to complain where, the award being set aside solely in respect to the valuation of the property taken, judgment was entered for an amount which, by his own testimony, was all that he asked.

We find no error in the judgment complained of, and it will be accordingly affirmed.

*Affirmed.*