COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


TONYA MICHELLE CLARY

MEMORANDUM OPINION* BY
v.    Record No. 3010-00-2    JUDGE ROSEMARIE ANNUNZIATA
MAY 28, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Robert P. Geary for appellant.

Margaret W. Reed, Assistant Attorney General,
(Randolph A. Beales, Attorney General, on brief),
for appellee.


Tonya Michelle Clary was convicted in a bench trial of

forgery and uttering, in violation of Code § 18.2-172, and grand

larceny of the proceeds, in violation of Code § 18.2-95. The

trial court suspended imposition of sentence on the convictions

on the condition that she keep the peace and be of good behavior

for three years. Clary appeals all three convictions on the

ground that the evidence failed to prove her identity as the

perpetrator. For the reasons that follow, we affirm.

### Analysis

When the sufficiency of the evidence is challenged on

appeal, "[w]e view the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

fairly deducible from the evidence." Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000). The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact. Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). Accordingly, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from the credible evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). Moreover, we view the evidence presented at trial in its entirety. See Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927) ("[I]t frequently happens that the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." (citations omitted)); Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833 (1990) (en banc).

The decision of the trial court will not be disturbed unless plainly wrong or without evidence to support it. McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc). "Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as 'all necessary circumstances proved . . . [are] consistent with guilt and inconsistent with innocence and exclude every reasonable

-

hypothesis of innocence.'" McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)). However, "the Commonwealth need only exclude reasonable hypotheses that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Viewed in light of these well established principles, the evidence proved beyond a reasonable doubt that Tonya Clary was the criminal agent of the charged offense. On May 22, 2000, check number 1466 from the account of Doris Pike was cashed at the Willow Lawn branch of BB&T. "Tonya Clary" was the payee of the check, and the check was endorsed with the signature "Tonya Clary" and her social security number. The teller noted that the person who cashed the check presented positive identification as "Tonya Clary." The trial court verified that the social security number on the check was the same social security number listed as Clary's on her arrest warrant.

Furthermore, only Clary had access to Pike's checkbook during the time the check was stolen. The evidence proved that the check was stolen on May 11 or May 12 and that no other nurse worked for Pike on those days. First, Clary did not argue on brief that the check was stolen before May 11 or after May 22. We, therefore, need only address the period reflected in the argument made. See Bennett v. Commonwealth, 35 Va. App. 442,

-

452, 546 S.E.2d 209, 213 (2001) (declining to consider issue not addressed in appellant's brief). Moreover, her attorney's statement at trial that "you have a check that's stolen between 5/11 and 5/22" establishes that fact on appeal. See McNallen v. McNallen, 62 F.3d 619, 625 (4th Cir. 1995) (holding that defendant's counsel's statement at trial, "I certainly don't dispute that McNallen's actions were willful," a judicial admission, established the fact of willfulness in the litigation); West v. Anderson, 186 Va. 554, 563, 42 S.E.2d 876, 880 (1947) (refusing to consider, on appeal, plaintiff's claimed value of land taken from him where he judicially admitted to a value in his grounds of defense, noting that "one cannot . . . ask that his case be made stronger than he makes it, when his case depends on facts within his own knowledge"). Second, Pike provided testimony that showed that the check could not have been stolen after May 12.[1] Thus, the trial court reasonably inferred that the check was stolen on May 11 or May 12.

It is undisputed that no other nurse worked for Pike's mother on May 11 or May 12. Clary, however, worked as a substitute nurse for Pike's mother on May 11, 2000.

---

[1] At trial, Pike explained that she wrote check 1463 from her checking account on May 8 and checks 1464, 1465, and 1467 on May 12. Because she always wrote her checks sequentially and would have written check 1466 if it had been in her checkbook on that date, Pike concluded that check 1466, the stolen check, was not in her checkbook on May 12.

-

Consequently, only Clary had access to the checkbook during the period check 1466 was stolen.

Accordingly, Clary's hypothesis that "one of the other four or five nurse's aides who worked at the Pike residence from May 11th to May 22nd [could have been the criminal agent]" does not reasonably flow from the evidence, and the Commonwealth does not have the burden of excluding it.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E. 328, 339 (1988) (noting that the reasonableness of a hypothesis of innocence is a factual finding, which is binding on appeal unless plainly wrong); Hamilton, 16 Va. App. at 755, 433 S.E.2d at 29.  Moreover, the evidence as a whole proved Clary was the criminal agent.  See Peoples, 147 Va. at 704, 137 S.E. at 606; Hope, 10 Va. App. at 386, 392 S.E.2d at 833.  Therefore, we affirm Clary's convictions.

Affirmed.

-

Benton, J., dissenting.

The evidence failed to prove beyond a reasonable doubt that appellant was the person who stole the check, forged the check, or uttered the check. Thus, I would reverse the convictions for insufficiency of the evidence.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). "Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith." Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938). Thus, the following principles are well established:

> Proof by circumstantial evidence "is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." "'[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt."

Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (citations omitted).

-

On May 12, when Doris Pike wrote checks numbered 1464, 1465, and 1467, she did not write check 1466 and apparently did not realize that it was not in the expected sequence in her checkbook. Except for proof that check 1466 was cashed May 22, and, thus, was taken before that date, no evidence proved when the check was removed from Pike's checkbook. Pike first learned on June 7, when she received her bank statement, that the check had been taken from her checkbook and cashed. Furthermore, the evidence proved that at least five nursing aides from the same nursing service were in Pike's house during May prior to the date the check was negotiated at the bank. Even if we infer that check 1466 was stolen by May 12, which was the day Pike wrote checks out of sequence, Pike testified that other nursing aides from the same nursing service were in her house prior to that date.

It is true that in the motion to strike at the close of the evidence, appellant's attorney argued that the evidence showed "you have a check that's stolen between 5/11 and 5/22 of this year; you know its 5/22 because that's the date it was transacted at [the bank]." That argument, however, was not a stipulation of a fact to be proved; it was apparently appellant's attorney's supposition about the possible interval from the time the check could have been removed through the date of the negotiation of the check. Appellant's brief on appeal,

-

likewise, contains no stipulation and merely references that argument as an incident of the trial.

> The giving by the accused of an unclear or unreasonable . . . explanation . . . are matters for the jury to consider, but they do not shift from the Commonwealth the ultimate burden of proving by the facts or the circumstances, or both, that beyond all reasonable doubt the defendant committed the crime charged against him.

Smith v. Commonwealth, 192 Va. 453, 461-62, 65 S.E.2d 528, 533 (1951). The evidence proved with certainty only the date Pike wrote the check out of sequence and the date the check was negotiated. From the evidence in the record, the trial judge could only have speculated who stole the check and whether the check was stolen in May, or April, or any month prior to that time.

The evidence proved further that on May 22, 2001 a person went to the same branch banking office that Pike normally uses and cashed check 1466, which was drawn in the amount of $200. The check, which was introduced in evidence, shows that the name of the payee was "Tonya Clary," that the check was endorsed "Tonya Clary," and that below the endorser's signature was a social security number. Pike testified that she did not write the check, that the payor's signature is not her writing, and that she did not authorize anyone to write the check.

The bank teller who cashed the check did not testify. The only evidence in the record concerning the circumstances of the

-

negotiation of the check at the bank's "drive-thru" window was the following testimony from the bank's operations manager:

> Q: . . . . Just tell me what's on the check.
>
> A: What's on the check? Um, identification that the teller received from the person who was cashing the check. . . .
>
> Identification from the person who was cashing the check, like a driver's license or whatever type of identification they used to cash – to verify that that is them and that's what the teller goes by to cash the check.
>
> Q: And that is the payee?
>
> A: Yes.
>
> Q: In this case, a Tonya Clary?
>
> A: Yes.

No evidence proved that any writing on the check was appellant's handwriting or that the person used valid identification, if any, when cashing the check. The record contains no photographs identifying the person who cashed the check at the bank. Thus, no evidence proved that appellant forged the check or was, in fact, the person who negotiated the check at the bank. From the evidence in the record the trial judge could only have speculated who stole the check, who forged the check, or who negotiated the check.

Simply put, the evidence relied upon to support the convictions is that a check was stolen from Pike's checkbook on a date uncertain, that Tonya Clary worked in Pike's home on May

-

as a nursing aide, and that a person cashed Pike's check on May 22, using the name Tonya Clary. The principle is well established that evidence is not sufficient to sustain a conviction merely because it is consistent with guilt; it also "must be consistent only with the guilt of the accused." Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 742 (1997). "If the facts and circumstances proved are as consistent with innocence as with guilt, then the evidence is not sufficient to sustain the verdict. Suspicion is not enough; conjecture is not proof." Stoots v. Commonwealth, 192 Va. 857, 865, 66 S.E.2d 866, 871 (1951).

Because this evidence raises only a suspicion that appellant stole the check and then cashed it, I would reverse the convictions.