MARGARET SHAVER HORTON

V.

ELIZABETH ANNE MORRISON

Record No. 931758

September 16, 1994

Present: All the Justices

*Frank K. Friedman (Elizabeth K. Dillon; Jeffrey H. Krasnow; Woods, Rogers & Hazlegrove*, on briefs), for appellant.

*(John B. Spiers, Jr.; Spiers & Spiers*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we determine whether the trial court erred in dismissing the plaintiff's action on the basis of res judicata or collateral estoppel.

On July 7, 1987, a collision occurred between automobiles operated by Elizabeth Anne Morrison and Margaret Shaver Horton. Travis Lee Shaver, Horton's minor son, was a passenger in Horton's car at the time. Both Horton and Shaver were injured in the collision, and each instituted personal injury actions against Morrison.

In response to Shaver's action, Morrison filed a third-party motion for judgment against Horton, alleging, *inter alia*, that Horton negligently operated her vehicle and claiming that Horton was liable to Morrison for all or part of any sum recovered by Shaver. Horton did not file any responsive pleadings to the third-party motion for judgment. Morrison then filed a "Motion for Default or Summary Judgment." Shaver moved for a nonsuit which the trial court denied.

On April 16, 1992, the trial court held a hearing on Morrison's motion for default or summary judgment. In a letter opinion dated May 14, 1992, the court indicated that it intended to rule in Morrison's favor on her motion; however, no judgment was entered until October 13, 1992. At that time, the court issued an order, *nunc pro tunc* for May 29, 1992, sustaining Morrison's motion. On the same day, the court entered an order dismissing Shaver's action with prejudice. That order, however, was not entered *nunc pro tunc*.

On December 3, 1992, Morrison filed a plea of res judicata and motion to dismiss in Horton's action, claiming that Morrison's success in the third-party action in Shaver's case precluded Horton from pursuing her own claim against Morrison. The trial court sustained Morrison's motion, concluding that Horton's action "ha[d] been adjudicated when judgment was granted on behalf of Ms. Morrison against Ms. Horton in the third party action filed in [Shaver's] case." Horton appeals.

■ We first consider whether Horton's action is barred on the basis of res judicata. Pursuant to the doctrine of res judicata, a valid, personal judgment on the merits in favor of a defendant bars relitigation of the *same cause of action* between the same parties and their privies. *Bates* v. *Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

■ In the present case, Horton's personal injury action against Morrison is not the same cause of action as Morrison's third-party action against Horton for contribution. Thus, res judicata does not apply.

■ Next, we consider whether Horton's action is barred by the doctrine of collateral estoppel. Collateral estoppel is

> the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action.* . . . [T]he parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action.

*Id.* at 671, 202 S.E.2d at 921 (footnotes omitted); *accord Hampton Roads San. Dist.* v. *City of Va. Beach*, 240 Va. 209, 213, 396 S.E.2d 656, 658 (1990). The requirement that an issue must have been the subject of actual litigation, rather than potential litigation, is one of the features that distinguishes collateral estoppel from res judicata. *Snead* v. *Bendigo*, 240 Va. 399, 401, 397 S.E.2d 849, 850 (1990).

In the present case, the trial court rendered a default judgment in favor of Morrison in her third-party action against Horton, and no issues relating to Horton's negligence were *actually litigated.* Consequently, we hold that the default judgment cannot be the basis of Morrison's claim of collateral estoppel.

For the foregoing reasons, we conclude that the trial court erred in dismissing Horton's action against Morrison. Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings.

*Reversed and remanded.*