Present:  All the Justices

TRANSDULLES CENTER, INC.
                                    OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 951624                      June 7, 1996

DR. YASH SHARMA, T/A
PANBAXY LABORATORIES, INC.

                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          J. Howe Brown, Jr., Judge


     In this dispute arising from a commercial lease, the sole
question on appeal is whether the trial court correctly refused to
apply the doctrine of collateral estoppel in favor of a party
obtaining a default judgment in a prior action.

     In March 1993, appellant TransDulles Center, Inc., the landlord,
obtained a default judgment in the Loudoun County General District
Court in an unlawful detainer action against appellee, Dr. Yash
Sharma, t/a Panbaxy Laboratories, Inc., the tenant.  Based on the
terms of a five-year commercial lease, the landlord sought possession
of the demised premises located in Sterling, Virginia, and sought
recovery of rent delinquent for a three-month period before the tenant
vacated the premises, attorney's fees, and costs.

     The tenant was served personally with the summons for unlawful
detainer and failed to appear in the proceeding either in person or by
counsel.  On the return date, the landlord presented testimonial
evidence and exhibits in the tenant's absence.

     At the conclusion of the hearing, the district court entered
judgment in favor of the landlord against the tenant for possession of
the premises, and for rent due of $7,257.60 with interest, attorney's
fees of $856.60, and costs of $18.00.  The judgment was not appealed

and became final. The tenant satisfied the judgment eight months later.

In July 1994, the landlord filed the present action by motion for judgment against the tenant in the circuit court below for breach of the lease, seeking recovery of rent that had accrued after the default judgment, attorney's fees, and costs. The tenant appeared and denied the landlord was entitled to any further recovery under the lease.

Following a bench trial, the circuit court applied the doctrine of collateral estoppel and ruled that the issue of the tenant's liability under the lease previously had been determined in the related district court proceeding. Consequently, the circuit court entered judgment in April 1995 in favor of the landlord against the tenant for rent plus interest, attorney's fees, and costs.

Subsequently, the circuit court granted the tenant's motion for reconsideration, vacated the April order, reversed its prior decision, and entered a June 1995 order in favor of the tenant dismissing the motion for judgment. The court refused to apply collateral estoppel, ruling that "a default judgment does not actually litigate issues for the purposes of collateral estoppel." The landlord appeals.

Virginia law on collateral estoppel is clear. The doctrine "precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action." Angstadt v. Atlantic Mut. Ins. Co., 249 Va. 444, 446, 457 S.E.2d 86, 87 (1995); Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921

(1974).

For the doctrine to apply, the parties to the two proceedings, or their privies, must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action.  Glasco v. Ballard, 249 Va. 61, 64, 452 S.E.2d 854, 855 (1995).  Additionally, collateral estoppel in Virginia requires mutuality, that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result.  Norfolk & Western Ry. v. Bailey Lumber Co., 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980).

In the present case, the tenant contends that a default judgment cannot be the basis for application of collateral estoppel in Virginia.  Relying on the Restatement (Second) of Judgments § 27 cmt. e. (1982), and federal decisions, including United States v. Ringley, 750 F. Supp. 750 (W.D. Va. 1990), aff'd, 985 F.2d 185 (4th Cir. 1993), the tenant argues that "an issue must have been the subject of actual litigation for collateral estoppel to apply."  According to the tenant, nothing is actually litigated in a default judgment.

The Ringley court, in a suit by the government to recover federal reclamation fees under a mining control and reclamation statute, refused to apply collateral estoppel when a default judgment had been rendered in a prior action.  Citing the foregoing Restatement comment,

the court said: "A default judgment cannot be used for collateral estoppel purposes, because no issues are `actually litigated.'" 750 F. Supp. at 759.

We do not agree with the tenant's contention, nor do we agree with the view typified by the Restatement comment (in "the case of a judgment entered by . . . default, none of the issues is actually litigated"). Virginia law does not support a blanket exemption from the application of collateral estoppel in the case of a default judgment.

Here, there is no dispute that most of the requirements for application of the doctrine have been established. The parties in the two actions are the same. The district court action resulted in a valid, final judgment against the tenant. See Petrus v. Robbins, 196 Va. 322, 329, 83 S.E.2d 408, 412 (1954) (estoppel may be successfully invoked upon final judgment of court not of record). And, mutuality exists.

The disputed questions are whether the tenant's personal liability was actually litigated in the district court proceeding and whether that factual issue was essential to the judgment in the prior proceeding. We answer both queries in the affirmative.

First, the tenant's personal liability for rent and other charges, including attorney's fees, under the lease actually was litigated in the prior action. Testimonial and documentary evidence was presented ex parte in the district court hearing. The circuit court record established that proof was presented in the district

court through a bookkeeper for the landlord and through the landlord's attorney, who presented the lease and other documents including an affidavit supporting the attorney's fees claimed. We disagree with the tenant's argument that before an issue may be "actually litigated" in a court proceeding, the defendant must personally appear at the hearing and contest the matter. Indeed, this Court has said that a final default judgment "imports absolute verity, and is as effectual and binding as if pronounced upon a trial upon the merits." Neale v. Utz, 75 Va. 480, 488 (1881).

Second, the tenant's personal liability was essential to the district court judgment. That court could have merely awarded the landlord possession of the premises without imposing personal liability for rent and fees, but it did not. Thus, the factual issue existing in the present proceeding, the tenant's liability for rent and fees, was a necessary part of the judgment in the prior proceeding.

Finally, we reject the tenant's contention that Horton v. Morrison, 248 Va. 304, 448 S.E.2d 629 (1994), established a blanket exemption in Virginia from application of collateral estoppel in the case of a default judgment. There, vehicles operated by Morrison and Horton collided. Horton's minor son, Travis Lee Shaver, was a passenger in his mother's vehicle. Both Horton and Shaver were injured, and each sued Morrison for damages, alleging Morrison negligently operated her vehicle.

In response to Shaver's action, Morrison filed a third-party

motion for judgment against Horton, alleging that Horton negligently operated her vehicle and that she was liable to Morrison for all or part of any sum recovered by Shaver.  Horton failed to respond to the third-party complaint.

Subsequently, the trial court sustained Morrison's motion for a default judgment against Horton.  On the same day, the court entered an order dismissing Shaver's action with prejudice because, according to the appellate record on file in the clerk's office of this Court, Shaver failed to comply with discovery orders.  Later, the trial court sustained Morrison's motion to dismiss Horton's action, concluding that Horton's action had been adjudicated when judgment was granted Morrison against Horton in the third-party action.

Reversing the trial court, we held that Horton's action was not barred by the doctrine of collateral estoppel.  We noted the requirement that an issue must be the subject of actual litigation for collateral estoppel to apply.  Id. at 306, 448 S.E.2d at 631.  We did not create a blanket exemption, but merely said that no issues relating to Horton's negligence were actually litigated when the court entered a default judgment in the third-party action against Horton. Because Shaver's action against Morrison was dismissed with prejudice, Morrison could no longer be liable to Shaver.  Thus, Morrison's inchoate claim for contribution based upon Horton's alleged negligence became moot.  See Snead v. Bendigo, 240 Va. 399, 401, 397 S.E.2d 849, 850 (1990).

Consequently, we hold that the circuit court erred in refusing to

apply collateral estoppel in favor of the landlord under these circumstances, and the judgment below will be reversed.  We will reinstate the April 1995 judgment, and will enter final judgment here in favor of the landlord against the tenant for rent of $29,306, plus interest at the rate of nine per cent per annum from April 25, 1995, attorney's fees of $11,000, and costs of $2,500.

<u>Reversed and final judgment.</u>