**In re Robert C. REDDEN.**

**Edward R. COLLUM**

v.

**Robert C. REDDEN.**

**Bankruptcy No. 95–1485–HSB.**
**Adversary No. A–96–27.**

United States Bankruptcy Court,
D. Delaware.

Dec. 11, 1997.

Stephen P. Ellis, Sergovic & Ellis, P.A., Georgetown, DE, for Plaintiff.

Eugene M. Lawson, Jr., Fletcher, Heald & Hildreth, P.L.C., Rosslyn, VA, for Debtor/Defendant.

HELEN S. BALICK, Chief Judge.

This is the court's decision on the motion for judgment on the pleadings or, in the alternative, motion for summary judgment or, in the alternative, motion to dismiss by debtor-defendant Robert C. Redden. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

I. *Legal Standard*

Because of the nature of the complaint, and the issues raised by defendant Redden's alternative dispositive motions, it will be necessary to consider evidence in addition to the complaint and answer. Therefore, the court will consider the motion for summary judgment of Redden. On a motion for summary

judgment, the court will view the record and the inferences therefrom in the light most favorable to the non-moving party. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987). If that record shows no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law, then summary judgment shall be granted in favor of the movant. Fed. R.Bankr.P. 7056(c). *American Automobile Ins. Co., v. Indemnity Ins. Co.*, 108 F.Supp. 221, 224 (E.D.Pa.1952), *aff'd*, 228 F.2d 622 (3d Cir.1956) (per curiam).

## II. *Facts*

Edward R. Collum sued Robert C. Redden in the Circuit Court for the City of Alexandria. State of Virginia. In that action, Collum alleged that Redden committed common law fraud in connection with the sale of a house in Virginia, and sought money damages from Redden. Redden did not answer the complaint, and the Circuit Court entered a default judgment for $62,000.00 plus interest and attorney's fees of $21,950.00 on Count I, and $65,000.00 in actual damages, and $10,000.00 in punitive damages plus interest on Count II.

Robert C. Redden filed a chapter 7 bankruptcy case in this court on November 13, 1995. Collum filed a complaint in this court on February 16, 1996, seeking a determination that Redden's debt due to Collum is an exception to the discharge of debt under 11 U.S.C. § 523(a)(2)(A).[1] Redden filed an answer and the motion for summary judgment.

## III. *Discussion*

The complaint does not directly allege the elements of section 523(a)(2)(A).[2] Instead, Collum's complaint recites his view of the procedural history of the events in the Virginia action, including the allegations contained in the Virginia complaint. As Redden's motion for summary judgment points out, Collum's complaint here impliedly asserts that the elements of § 523 are fulfilled by the prior Virginia State court's default judgment against Mr. Redden, and furthermore, that Collum is asking this court to apply collateral estoppel, or issue preclusion, so that the fraud issue can not be re-litigated in bankruptcy. Redden argues that the elements of collateral estoppel are not satisfied, and therefore that summary judgment is appropriate. The court will decide this question first—whether the Virginia court's judgment can be used to preclude any of the elements of fraud from being litigated again.

■ The rules for issue preclusion in the State of Virginia control in this court. *E.g., Migra v. Warren City School*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). In Virginia, there is a four-part test to determine whether a party can be collaterally estopped from litigating a claim. The four-part test for collateral estoppel is:

(1) the two parties, or their privies, must be the same;

(2) the factual issue sought to be litigated actually must have been litigated in prior action;

(3) the determination must have been essential to the prior judgment; and

(4) it must have been determined by a valid and final judgment.

*Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 457 S.E.2d 86, 87 (1995); *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917, 921 (1974). A fifth element of mutuality is also required. *Norfolk & Western Ry. v. Bailey Lumber Co.*, 221 Va. 638, 272 S.E.2d 217, 218 (1980).

■ The first element is met because Mr. Collum and Mr. Redden are the same parties in both cases. The second element,

---

1. Actually, the complaint cited "11 U.S.C. § 523(2)(a)." There is no such sub-section of section 523, however, it is clear from the pleadings that the plaintiff intended to cite section 523(a)(2)(A).

2. 11 U.S.C. § 523(a)(2)(A) reads in part:
   A discharge under section 727, ... of this title does not discharge an individual debtor from any debt (2) for money, property, services or an extension, renewal, or financing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...
   Collum has the burden of proof by a preponderance of the evidence on each element of section 523. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

that the issue was actually litigated, turns on whether the default judgment in the State Court can fulfill the requirement of actual litigation.

In *TransDulles Center, Inc. v. Sharma*, 252 Va. 20, 472 S.E.2d 274 (1996), the State Supreme Court of Virginia addressed this question in the context of a landlord's prior default judgment against a tenant. The Supreme Court of Virginia stated: "Virginia law does not support a blanket exemption from the application of collateral estoppel in the case of a default judgment." *Id.* 472 S.E.2d at 276. The *TransDulles* court then considered whether a tenant's personal liability was actually litigated in the default judgment, on the basis of which the landlord asked the court to apply collateral estoppel. The court reviewed the nature of the evidence introduced in the prior hearing, which included "[t]estimonial and documentary evidence [presented] ex parte." *Id.* After finding that each element of collateral estoppel was satisfied, the *TransDulles* court applied issue preclusion to a subsequent action by the landlord against the tenant. Thus, Virginia does allow default judgments to fulfill the requirement of actual litigation for collateral estoppel purposes depending upon the circumstances of the default judgment.

Upon reviewing the record *sub judice*, this court realized that the record was insufficient for making even the limited findings of facts concerning whether a genuine issue of fact existed concerning whether the prior Virginia action, *Collum v. Redden*, Case no. 95-0215, was "actually litigated." Therefore, this court issued interrogatories to the parties to further develop the record. Docket no. 26. The parties responded and attached affidavits, Virginia Court pleadings, and other documents.

Upon this expanded record, the admissible facts show that Collum moved for a default judgment on May 2, 1995. According to an affidavit of Joseph V. McGrail, Esquire, the Virginia attorney representing Collum, there was a hearing on May 10, 1995 on this motion. Collum at this time submitted an overdue note, an amendment to the note, and an affidavit of indebtedness. The Circuit Court for the City of Alexandria entered a partial default judgment. This judgment made no findings as to the elements of fraud.

Thereafter, on May 24, 1995, that court held a two hour evidentiary hearing for the purposes of determining damages for the partial default judgment. Only Collum appeared at this hearing, and he introduced evidence, including witnesses, in support of his claim for damages. On May 25, 1995, the Circuit Court issued an amended and final judgment order. This judgment also made no findings as to the elements of fraud. Redden was not given notice of either hearing.

On this record, viewed in the light most favorable to Collum, the issues underlying the fraud action in the Virginia action were not actually litigated as a matter of law. Because of the way Collum's complaint is drafted, such a finding of actual litigation is critical to the merits of the complaint. Therefore, as a matter of Virginia law, the defendant Redden is entitled to judgment in his favor on Collum's complaint.

In his briefing, Redden has also argued that Collum's complaint failed to properly allege facts that would establish the requisite elements of section 523. It is not necessary to address this argument.

IV. *Conclusion*

Plaintiff Collum has filed a dischargeability complaint. The complaint does not directly allege facts that address the elements of 11 U.S.C. § 523. Instead, Collum has alleged facts pertaining to a prior Virginia action which he believes pleaded the elements of section 523, and to which he believes collateral estoppel or issue preclusion applies. Thus, a *prima facie* element of Collum's complaint is that issue preclusion applies. This court, however, has found that as a matter of law, issue preclusion does not apply to the Virginia default judgment. Therefore, judgment on the merits of this complaint must be GRANTED in favor of Redden and against Collum.

However, this does not mean that Collum can not file a complaint seeking relief of the type available under section 523, if that complaint directly alleges facts that would state

such a claim for relief. Because of the passage of time, the filing of a new complaint might raise issues relating to Bankruptcy Rule 4007(c). To avoid unnecessary litigation on these issues, the court GRANTS Collum leave to file and serve an amended complaint on or before December 22, 1997. Any amendments must be consistent with Bankruptcy Rule 7015.

IT IS SO ORDERED.