**In re Roy BANE, Debtor.**

**Bankruptcy No. 7–97–00067–13.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 25, 1999.

Gary M. Bowman, Roanoke, VA, for debtor.

---

John Kennett, Roanoke, VA, for Joseph Abbott.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court involves an objection filed by Roy Bane (herein Bane) to the claim of Joseph Abbott (herein Abbott). Abbott asserts collateral estoppel to deny Bane's objection to his claim. For the reasons stated in this decision and order, the court holds that collateral estoppel precludes Bane's objection to the claim of Abbott.

### Facts:

On November 28, 1995, Abbott obtained a default judgment against Bane in the Circuit Court of the City of Roanoke (herein the State Court). Bane never appeared to defend the State Court action which was for fraudulent conversion. A default judgment was granted on November 28, 1995; however, the circuit court required that Abbott put on evidence as to both his pleadings of fraudulent conversion and his compensatory and punitive damages. On December 8, 1995, Abbott appeared and offered such evidence and the State Court entered a judgment in favor of Abbott for $60,000.00 in compensatory damages and $60,000.00 in punitive damages.[1]

### Law and Discussion:

■ A decision in this case is governed by *In re Ansari*, 113 F.3d 17 (4th Cir. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997). In *Ansari*, the Fourth Circuit reaffirmed the holding in *Grogan v. Garner* that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of

the State from which the judgments emerged would do so." *Id.* at 19. The *Ansari* court identified the case of *Trans-Dulles Center, Inc. v. Sharma*, 252 Va. 20, 472 S.E.2d 274 (1996), as the Virginia state law defining the elements of collateral estoppel:

> For [collateral estoppel] to apply, the parties to the two proceedings, or their privies, must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action.

*Id.* at 19.

In *Ansari*, the parties commenced litigation in the state court and evidence was submitted to the court concerning the fiduciary responsibility of the defendant to the plaintiff. However, the defendant obstructed the progress of the litigation to the point that the state court entered a default judgment against the defendant and sent the case to a commissioner to calculate damages. The court directed that all of plaintiff's allegations be taken as true for purposes of determining damages.

On appeal to the Fourth Circuit, Ansari (the defendant in the state court) argued that findings during the damages phase of the state court litigation could not be used to foreclose litigation of the discharge ability of the debt for fraud or defalcation which acting in a fiduciary capacity (11 U.S.C. § 523(a)(4)). The Fourth Circuit declined Ansari's argument because of:

> [T]he fact that in awarding punitive damages the state court did not rely solely on the allegations in the complaint. Rather, the court held a two-day

---

1. In a letter from the State Court dated July 9, 1996, addressing Bane's motion to set aside the default judgment, the State Court noted that notwithstanding Abbott's default judgment, it required that evidence be put on as to Abbott's allegations in the motion for judg-

ment and that only after satisfactory evidence did the court enter judgment for both compensatory and punitive damages. The letter is attached as an exhibit to Abbott's response to the objection to claim.

hearing in which Pahlavi, Ansari, and other witnesses testified.

*Id.* at 21. The Fourth Circuit found the litigation of the parties in *Ansari* to be "vastly more 'actual litigation' of critical issues in this case than did the landlord and tenant in *TransDulles.*" *Id.* at 21.

In *TransDulles,* the tenant opposing the imposition of collateral estoppel, "contended that because he had not personally appeared in court before entry of the default judgment, no issue had been actually litigated." However, the landlord presented testimonial and documentary evidence to the state court even though the court had awarded a default judgment. As a result, the Virginia Supreme Court disagreed with the tenant's position: "Rather, it reasoned that because 'documentary evidence was presented *ex parte* in the district court hearing' the necessary issues had been actually litigated." *Id.* at 20, 472 S.E.2d 274.

In the case at bar, the State Court granted a default judgment in favor of Abbott as to liability for fraudulent conversion but refused to enter a money judgment against Bane until Abbott appeared and offered evidence of his damages and the fraudulent conversion. The necessary issues were actually litigated in the damages portion of the proceeding after Bane defaulted. Thus, this case is factually similar to *TransDulles* which is the state law basis for the Fourth Circuit's decision in *Ansari* concerning collateral estoppel.

■ According to *Ansari,* there are three elements which *TransDulles* requires in order for collateral estoppel to apply:

1) The parties to the two proceedings must be the same;

2) The factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and

3) The prior action must have resulted in a valid, final judgment against the parties sought to be precluded in the present action.

In the case at bar, factors 1) and 3) have been satisfied by Abbott and the only factor at issue is whether the issue of fraudulent conversion and damages was actually litigated and whether a state court decision on the issues was essential to the prior judgment. In assessing damages, the State Court found both compensatory and punitive damages for fraudulent conversion. Its letter to the parties dated July 9, 1996, indicates that it did not enter judgment against Bane until satisfactory evidence was presented with respect both to damages and to the allegations of Abbott in his motion for judgment. Thus, the State Court heard evidence of fraudulent conversion as well as the amount of damages sustained by Abbott.

The *Ansari* opinion is instructive in the application of factor 2) *supra,* to the case at bar:

Moreover, even if the state court in this case had heard no evidence of fraud or defalcation before entering its default judgment against Ansari, the court's subsequent consideration and findings of punitive damages would certainly suffice for collateral estoppel purposes.

*Id.* at 21.

In this case, the State Court entered a judgment against Bane for compensatory and punitive damages only after evidence was taken. In order to find punitive damages, the issue of fraudulent conversion had to be litigated and determined in favor of Abbott. Thus, all of the factors set forth in *TransDulles* for application of collateral estoppel exist and, following *Ansari* and *Grogan,* the state court judgment must be given collateral estoppel effect.

### Conclusion:

For the foregoing reasons, Bane is collaterally estopped by the State Court judgment of Abbott for fraudulent conversion and by the monetary award granted by the State Court. Accordingly, it is

**ORDERED:**

That Roy Bane is precluded from objecting to the proof of claim filed by Joseph Abbott in the above-captioned Chapter 13 proceeding, and his objection is **DISMISSED.**

