# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CAPITAL HAULING, INCORPORATED,
          *Plaintiff-Appellee,*

v.

DAVID HAROLD FORBES, SR.,
          *Defendant-Appellant,*

and

LUCILLE PATRICIA FORBES,
          *Defendant.*

No. 01-2329

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-01-237, BK-98-39487)

Argued: September 25, 2002

Decided: September 17, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion. Judge
Widener wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Richard Stephens Clinger, Richmond, Virginia, for
Appellant. Brian R.M. Adams, SPOTTS, FAIN, CHAPPELL &
ANDERSON, P.C., Richmond, Virginia, for Appellee. **ON BRIEF:**

Deanna H. Hathaway, SPOTTS, FAIN, CHAPPELL & ANDERSON, P.C., Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

On August 31, 1998, pursuant to a warrant in debt filed by appellee Capital Hauling, Inc., and after Lucille Forbes and appellant David Forbes, Sr., failed to appear, the Richmond City General District Court entered a default judgment against appellant. In appellant's subsequent bankruptcy proceeding, Capital Hauling contended that the debt arising from the default judgment could not be discharged as it arose from fraud. *See* 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4). Capital Hauling moved for summary judgment, arguing that the default judgment collaterally estopped appellant from litigating the issue of fraud. The bankruptcy court agreed with Capital Hauling and granted summary judgment, and the district court affirmed. Appellant now appeals.

When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the law of the state in whose courts the prior judgment was entered. *See In re Ansari*, 113 F.3d 17, 19 (4th Cir. 1997). Under Virginia law, a default judgment can create collateral estoppel, but all the requirements of collateral estoppel must still be satisfied; in particular, "the factual issue sought to be litigated actually must have been litigated in the prior action." *TransDulles Center, Inc.* v. *Sharma*, 252 Va. 20, 22-23 (1996). In the instant case, there is nothing in the record establishing that "testimonial and documentary evidence was presented" in the state court proceeding, or that "proof was presented" of any kind as to whether appellant committed fraud, or indeed that anything occurred at all at the state court trial other than the entry of a money judgment. *Id*. at 24. Thus, for example, in *TransDulles*:

> [T]he tenant's personal liability for rent and other charges, including attorney's fees, under the lease actually was litigated in the prior action. Testimonial and documentary evidence was presented ex parte in the district court hearing. The circuit court record established that proof was presented in the district court through a bookkeeper for the landlord and through the landlord's attorney, who presented the lease and other documents including an affidavit supporting the attorney's fees claimed.

*Id.*

Since there was no evidence that the issue of fraud was actually litigated in the state court proceeding, the bankruptcy court erred by finding that appellant was collaterally estopped from litigating this issue, and hence we reverse the grant of summary judgment.

*REVERSED AND REMANDED*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

Because the majority opinion does not mention facts critical to the outcome in this case, a brief recount of them is in order. Defendant David H. Forbes served as stockholder, director, and president of Capital Hauling until 1998. JA 7. David Forbes's wife and co-defendant, Lucille Patricia Forbes, served as secretary of Capital Hauling. JA 8. On April 3, 1998, Capital Hauling filed a civil warrant in debt for $15,000 in the Richmond City General District Court charging the Forbes with conversion of corporate funds, breach of fiduciary duty, and fraud. JA 64. The return date on the warrant was set for May 19, 1998. JA 64.

The Forbes appeared on May 19, 1998, denied the claims asserted by Capital Hauling, and requested trial. JA 29 & 64. The case was set for trial for August 31, 1998 at 1:00 p.m. JA 64. The state court ordered Capital Hauling to file a bill of particulars and the Forbes to file grounds of defense within 21 days. JA 64. Although Capital Haul-

ing filed its bill of particulars on June 9, 1998, consisting of 17 pages including exhibits (JA 64; 34-38), the Forbes did not file grounds of defense. (JA 64)

On August 31, 1998, the state court called the case for trial at 1:00 p.m. When the Forbes failed to appear as scheduled, the state court entered judgment against them at 1:15 p.m. for $15,000, the sum sued for. JA 64. Forbes acknowledges that the state court default judgment was entered prior to their arrival at court an hour and a half after the scheduled trial. Blue br. p. 3. The Forbes filed a motion for rehearing, which the general district court denied on September 9, 1998. JA 64 & 29. The Forbes did not appeal and the judgment became final.

On December 22, 1998, the Forbes filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia. JA 6. On April 20, 2000, on petition by the Forbes, the bankruptcy court converted the filing into a Chapter 7 bankruptcy proceeding. JA 5.

On July 21, 2000, Capital Hauling filed a complaint to determine dischargeability of debt. Capital Hauling maintained that the state court judgment on the warrant in debt was exempted from bankruptcy discharge pursuant to 11 U.S.C. § 523(a). JA 7. On March 12, 2001, the bankruptcy judge relied on the bill of particulars and granted Capital Hauling's motion for summary judgment as to David Forbes, holding that the judgment on the warrant in debt was excepted from bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4). JA 3, 73-76. The bankruptcy court, however, denied Capital Hauling's motion as to Mrs. Forbes. JA 73, 76. On appeal the district court affirmed the decision of the bankruptcy court in all respects. JA 111. David Forbes filed his notice of appeal on November 6, 2001. JA 113.

In my opinion the state court judgment on the warrant in debt obtained by Capital Hauling against the Forbes was based solely on nondischargeable causes of action, conversion and fraud by a corporate officer. While the "basis of this claim" stated in the warrant in debt initiating the suit was "conversion of corp. funds; breach of fiduciary duty; fraud," JA 64, the bill of particulars filed by Capital Hauling on June 9, 1998, stated claims only for fraud and conversion by

a corporate officer. JA 34-38. Capital Hauling attached to the bill of particulars corroborating exhibits A through G containing the directors' resolutions and subscription lists for capital stock, illustrating that Capital Hauling was asserting a fraud charge in the bill of particulars. JA 39-50.

A bill of particulars has been a pleading in Virginia for some 52 years. "All bills of particulars and motions in writing are pleadings." *Miller v. Grier S. Johnson, Inc.*, 62 S.E.2d 870, 875 (Va. 1951) (quoting Rules of Court). As a pleading, a proper function of a bill of particulars is to "limit the issues and narrow the proofs." *Eubank v. Spencer*, 128 S.E.2d 299, 301 (Va. 1962). A bill of particulars "enable[s] the parties to prepare more intelligently for trial and prevent surprise, by limiting them to proof of the particular matters therein set out." *West v. Anderson*, 42 S.E.2d 876, 880 (Va. 1947). Accordingly, when the state court trial judge called the case for trial, only the fraud and conversion claims were asserted against the Forbes because the initial warrant in debt had been limited by the bill of particulars which omitted the claim for breach of fiduciary duty. In fact, David Forbes concedes in his brief to this court that the bill of particulars states a claim for fraud. See Forbes Initial Br. at 3 ("Capital Hauling subsequently filed a bill of particulars alleging fraud on the part of Forbes and Lucille P. Forbes."). Forbes' admission acknowledges that the bill of particulars narrowed the complaint, and therefore the state court action on the warrant in debt was limited to claims for fraud and conversion by an officer of a corporation.

In a negligence case with facts similar to those present here, one of the defendants, although served with process, did not file responsive pleadings. The effect of the failure was described by the Virginia Supreme Court as follows:

> The failure of Million to plead responsively to the plaintiff's motion for judgment was an admission that the plaintiff was entitled to recover some damages from him. Inherent in that admission was the acknowledgment by Million of the negligence charged against him as proximately causing the collision and the concession that the deceased was free of contributory negligence.

> Thus, under the circumstances of this case, the only issue before the trial court when it acted upon the plaintiff's motion for default was the amount of damages to be awarded . . . .

*Funkhouser v. Million*, 161 S.E.2d 725, 729 (Va. 1968). The effect of the Forbes' failure to file responsive pleadings and to appear in this case must be the same as the failure to file responsive pleadings in the *Funkhouser* case. Like the plaintiff in *Funkhouser*, the Forbes have admitted the charges asserted in the default judgment action and a valid judgment based on fraud and conversion has been entered.

As to the effect of the judgment on subsequent proceedings, the Virginia Supreme Court has refused to create a blanket exemption for default judgment in collateral estoppel cases. In *Transdulles*, the Virginia Supreme Court stated that "a final default judgment 'imports absolute verity, and is as effectual and binding as if pronounced upon a trial upon the merits.'" 472 S.E.2d at 276. The *Transdulles* court held that collateral estoppel was applicable to the default judgment in question, and the *Transdulles* defendant was precluded from contesting liability based on a default judgment entered against him in a prior proceeding. *Transdulles*, 472 S.E.2d at 275-76.

While the majority takes the position that in order for the case to be actually litigated, the record must show that "'testimonial and documentary evidence was presented'" or "'proof was presented'" of any kind," slip, p. 2, or something "other than the entry of a money judgment," slip, p. 2, occurred in the state court trial, an issue is actually litigated and collateral estoppel applies if a party had a "full and fair *opportunity* to litigate" the issue and the issue was determined by a court. *Allen v. McCurry*, 449 U.S. 90, 95 (1980) (emphasis added); *see also In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995). *Transdulles* rejects the argument that the holding in *Horton v. Morrison*, 448 S.E.2d 629 (Va. 1994), adopted a blanket exemption for collateral effect of default judgments. The *Transdulles* court distinguished *Horton* because the question of Horton's negligence became moot when the claim made against Morrison by the passenger of Horton's vehicle was dismissed with prejudice, and therefore, Morrison's claim for contribution against Horton became moot. Accordingly, the issue of Horton's negligence was not decided by the default judgment. *Trans-*

*dulles*, 472 S.E.2d at 276-77. While it is certainly true that the taking of evidence on a question may tend to show that the question is litigated, it is just as true that the fact that the default judgment in *Transdulles* was entered after the entry of testimonial and documentary evidence does *not* mean that taking of evidence is required to give default judgments preclusive effect. Cf. *Hagans v. Lavine*, 415 U.S. 528, 533-35, n.5 (1974) (the fact that a thing has been done in litigation is not authority for the proposition that it must be done).

In *Transdulles*, the Virginia Supreme Court explicitly rejected the view espoused by the Restatement (Second) of Judgments that default judgments are not actually litigated. *Transdulles*, 252 Va. at 23. The Virginia court stated, "We do not agree with the . . . view typified by the Restatement comment" that "in 'the case of judgment entered by . . . default, none of the issues is actually litigated.'" *Transdulles*, 252 Va. at 23 (quoting Restatement Second of Judgments, § 27 cmt. e). By explicitly rejecting the view of the Restatement, the Virginia Supreme Court has certainly accepted and all but explicitly adopted the full and fair opportunity definition of actually litigated used by the United States Supreme Court. Thus collateral estoppel should apply to this default judgment since the parties had a full and fair opportunity to litigate the issue. As noted, *Forbes even admits in his brief in this court the bill of particulars alleged fraud*. See Brief at 3. See *Allen v. McCurry*, 449 U.S. at 95. The majority, however, uses a view of default judgments much like that of the Restatement, which was rejected in *Transdulles*, to hold that this case was not actually litigated.

The position advanced by the majority calls into question the finality and certainty of a default judgment and contrary to Virginia law does not afford default judgments the same dignity and respect given to other judicial proceedings. David Forbes was provided a full and fair opportunity to litigate the issues in question, and he should not be permitted to argue that the issues were not litigated because he failed to avail himself of the opportunity.

Therefore, the only other issue left for resolution in this case is whether the basis of the debt—i.e. grounded on dischargeable or non-dischargeable acts—was actually litigated. *Transdulles*, 472 S.E.2d at 275. The warrant in debt, which was originally issued on the theory

of three causes of action, was subsequently limited to two causes of action by the bill of particulars stating claims only for fraud and conversion by a corporate officer. Therefore, when the Virginia general district court judge decided the case, judgment could only have been based on either conversion or fraud. Unlike mere breach of fiduciary duty which may be a dischargeable act only under certain circumstances, see *R.E. Am. v. Garver* (*In re Garver*), 116 F.3d 176, 178-80 (6th Cir. 1997) (concluding that common law breach of fiduciary duty, without more, insufficient to preclude discharge of debt under § 523(a)(4)); *Fowler Bros. v. Young* (*In re Young*), 91 F.3d 1367, 1372 (10th Cir. 1996) (stating that breach of "general fiduciary duty of confidence, trust, loyalty, and good faith . . . [in]sufficient to establish a fiduciary relationship for purposes of dischargeability"), judgments based on such fraud or conversion, as here, are both nondischargeable under the bankruptcy code. 11 U.S.C. § 523(a)(4) (stating "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" not dischargeable); 11 U.S.C. § 523(a)(2)(A) (exempting money or property obtained by false pretenses from discharge). Because the judgment could have been based only on conversion or fraud by a corporate officer, both of which are nondischargeable in bankruptcy, the question of whether the debts are based on nondischargeable acts has been actually litigated in the prior state proceedings.

Especially when we consider that 945,810 civil cases were filed in the General District Courts in Virginia in 2002,[1] the reason is patent for the rule of the Supreme Court of the United States that a "full and fair opportunity to litigate" is the equivalent of actual litigation, and the corresponding and similar rejection by the Supreme Court of Virginia of the Restatement rule that "[i]n the case of a judgment entered by . . . default, none of the issues is actually litigated." While I do not suggest that all of the 945,810 cases in the General District Courts end up in the bankruptcy and district courts of the United States, a significant number of them do, as all of us know. People who seek the protection of the bankruptcy laws are people who have judgments against them. A re-trying of a significant number of those cases under the procedure required by the majority decision would destroy much of the efficacy of default judgments which have been upheld by both

---

[1]Virginia, State of the Judiciary Report, 2002.

of those courts of last resort in, e.g., *Riehle v. Margolies*, 279 U.S. 218 (1929); *Transdulles*, 472 S.E.2d at 276; *Neal v. Utz*, 75 Va. 480, 488 (1881).

Especially when a case is handled as carefully as this one was by the judge of the General District Court,[2] no reason is suggested to relitigate the judgment.

Even the quotation on page 3 of the slip opinion of the majority is not a complete quotation and omits the holding of the case which is entirely consistent with my dissent. The omitted part of the majority's quotation follows:

> We *disagree* with the tenant's argument that before an issue may be "actually litigated" in a court proceeding, the defendant must personally appear at the hearing and contest the matter. Indeed, this Court has said that a final default judgment "imports absolute verity, and is as effectual and binding as if pronounced upon a trial upon the merits." [citing] *Neale v. Utz*, 75 Va. 480, 488 (1881). (Italics added.)

---

[2]Even the suggestion by Forbes as to the ascertainment of damages, which is not contested, Brief, p. 10, seems to have been followed by the General District Court judge. See Rule 7B:9(c) of General District Court Civil Rules.