Reversed and remanded by unpublished PER CURIAM opinion. Judge WIDENER wrote a dissenting opinion.
OPINION
PER CURIAM.
On August 31, 1998, pursuant to a warrant in debt filed by appellee Capital Hauling, Inc., and after Lucille Forbes and appellant David Forbes, Sr., failed to appear, the Richmond City General District Court entered a default judgment against appellant. In appellant’s subsequent bankruptcy proceeding, Capital Hauling contended that the debt arising from the default judgment could not be discharged as it arose from fraud. See 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4). Capital Hauling moved for summary judgment, arguing that the default judgment collaterally estopped appellant from litigating the issue of fraud. The bankruptcy court agreed with Capital Hauling and granted summary judgment, and the district court affirmed. Appellant now appeals.
When determining whether collateral es-toppel arises from a prior state court judgment, federal courts apply the law of the state in whose courts the prior judgment was entered. See In re Ansari, 113 F.3d 17, 19 (4th Cir.1997). Under Virginia law, a default judgment can create collateral estoppel, but all the requirements of collateral estoppel must still be satisfied; in particular, “the factual issue sought to be litigated actually must have been litigated in the prior action.” TransDulles Center, Inc. v. Sharma, 252 Va. 20, 22-23, 472 S.E.2d 274 (1996). In the instant case, there is nothing in the record establishing that “testimonial and documentary evidence was presented” in the state court proceeding, or that “proof was presented” of any kind as to whether appellant committed fraud, or indeed that anything occurred at all at the state court trial other than the entry of a money judgment. Id. at 24, 472 S.E.2d 274. Thus, for example, in TransDulles:
[T]he tenant’s personal liability for rent and other charges, including attorney’s fees, under the lease actually was litigated in the prior action. Testimonial and documentary evidence was presented ex parte in the district court hearing. The circuit court record established that proof was presented in the district court through a bookkeeper for the landlord and through the landlord’s attorney, who presented the lease and other documents including an affidavit supporting the attorney’s fees claimed.

Id.

Since there was no evidence that the issue of fraud was actually litigated in the state court proceeding, the bankruptcy court erred by finding that appellant was *172 collaterally estopped from litigating this issue, and hence we reverse the grant of summary judgment.

REVERSED AND REMANDED.