UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: GRACE C. RUTLEDGE,
                              *Debtor.*

---

E. PRESTON RUTLEDGE,
                    *Plaintiff-Appellee,*

v.

GRACE C. RUTLEDGE,
                    *Defendant-Appellant,*

and

UNITED STATES TRUSTEE; DAVID R.
RUBY,
                              *Trustees.*

No. 03-1668

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry Coke Morgan, Jr., District Judge.
(CA-02-122-4; BK-01-52860; AP-02-5005)

Argued: June 3, 2004

Decided: July 15, 2004

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Jeannine Anne Provencher, RICHARD DUCOTE &
ASSOCIATES, P.L.C., New Orleans, Louisiana, for Appellant. Rob-

ert Vincent Roussos, ROUSSOS, LANGHORNE & CARLSON, P.L.C., Norfolk, Virginia, for Appellee. **ON BRIEF:** Richard L. Ducote, RICHARD DUCOTE & ASSOCIATES, P.L.C., New Orleans, Louisiana, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Grace Rutledge appeals the district court's order reversing the Bankruptcy Court and ruling that 11 U.S.C.A. § 523(a)(6) (West 1993 & Supp. 2004) precluded the discharge of an attorney's fees award. Finding no error, we affirm.

### I.

Grace and Preston Rutledge are former spouses. As part of their divorce proceedings, the Rutledges hotly litigated the question of who would retain custody of their two children. Over the course of the trial, Ms. Rutledge made numerous allegations that Mr. Rutledge had sexually abused one or both of the children. Mr. Rutledge denied the allegations and stated that Ms. Rutledge's purpose in making the false allegations was to punish Mr. Rutledge. During his opening statement in the divorce proceedings, Mr. Rutledge's attorney stated that Ms. Rutledge had made the false allegations because she "hate[d] Preston Rutledge," J.A. 19, and because she was "desperate to construct a case to satisfy her desire to punish and convict her husband." J.A. 20. The Arlington County Circuit Court judge indicated his agreement with Mr. Rutledge's theory of the case and adopted the opening statement of Mr. Rutledge's attorney, stating: "The mother has a highly financed campaign invested in destroying the father," J.A. 20, and that "[t]he opening statement by [Mr. Rutledge's counsel] . . . almost made you wince; it was so hard, so cruel; but then it was proven by

the evidence." J.A. 20. The Circuit Court judge also noted that Ms. Rutledge's actions were "so malicious, so off the charts, so self-serving . . . . I do not hold the mother innocent . . . . [Her] hatred . . . [is] such that she cannot stop; she cannot say anything good about" Mr. Rutledge]. J.A. 21.

As a result of these proceedings, the judge awarded custody of one child to Mr. Rutledge and custody of the other child to Ms. Rutledge. Mr. Rutledge requested an award of attorney's fees for constantly having to defend himself from what he claimed were Ms. Rutledge's malicious charges regarding abuse of their children. The judge awarded Mr. Rutledge $65,000 to cover part of his attorney's fees in the custody litigation. In awarding the fees to Mr. Rutledge, the judge stated, "[I] believe that [Ms. Rutledge] should pay $65,000 in legal fees and costs, because I don't find that so much of what happened in this case was to protect the children; it was to get the father." J.A. 22.

On October 16, 2001, Ms. Rutledge filed for bankruptcy. On January 14, 2002, Mr. Rutledge filed a complaint in Bankruptcy Court requesting a denial of discharge for attorney's fees award. Specifically, Mr. Rutledge argued that discharge of Ms. Rutledge's $65,000 debt should be denied under 11 U.S.C.A. § 523(a)(6), which provides, in pertinent part, that "[a] discharge . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." Mr. Rutledge contended that Ms. Rutledge willfully and maliciously injured him with her baseless allegations of child sexual abuse during the custody dispute that gave rise to the legal fees. He argued that the state court that heard the custody matter found this to be true and, therefore, Ms. Rutledge was collaterally estopped from contesting that finding in Bankruptcy Court. In the alternative, Mr. Rutledge argued that the evidence in the record warranted a finding that Ms. Rutledge willfully and maliciously injured him during the child custody matter that was litigated in state court.

The Bankruptcy Court denied Mr. Rutledge's request for denial of discharge. On appeal, the District Court reversed the Bankruptcy Court and ruled that the award was not subject to discharge under

Section 523(a)(6). Ms. Rutledge now appeals and seeks reinstatement of the Bankruptcy Court's judgment discharging the attorney's fees.

## II.

For the fee award to be non-dischargeable, Mr. Rutledge must prove willful and malicious injury by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 288 (1991). Mr. Rutledge contends that the state court finding establishes malice, and that Ms. Rutledge is collaterally estopped from challenging that finding.

In *Grogan v. Garner*, the Supreme Court concluded that principles of collateral estoppel apply in dischargeability proceedings. *Id.* at 284 n.11 (stating that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to section 523(a)"). Applying Virginia's law of collateral estoppel, *Hagan v. McNallen* (*In re McNallen*), 62 F.3d 619, 624 (4th Cir. 1995) (explaining that "the forum state's law of collateral estoppel applies in determining the dischargeability of debt"), the district court stated that in order to establish that Ms. Rutledge is collaterally estopped from challenging the state court's finding of malice, Mr. Rutledge must demonstrate that: (1) the parties to the two proceedings, or their privies, were the same; (2) the factual issues sought to be litigated actually were litigated in the prior action and were essential to the prior judgment; and (3) the prior action resulted in a valid final judgment against the party sought to be precluded in the present action. *TransDulles Center v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996). The district court noted that the first and third elements of the test were clearly satisfied. The district court went on to conclude that the second element was also satisfied: the issue of willful and malicious injury was actually litigated and was an essential part of the state court's order awarding attorney's fees. This was more than evidenced by the court's statements, including its comment that Ms. Rutledge had engaged in a "highly financed campaign invested in destroying the father." J.A. 20.

## III.

We have carefully reviewed the record and considered the parties' arguments, as set forth in their briefs and as made at oral argument.

We conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*