## CIRCUIT COURT OF AMHERST COUNTY

Leslie Wayne Keyser

v.

Mounts Estate
Homes Association,
Randy L. Mounts,
and Sherri Lynn Preece

April 18, 2005

Case No. CH10127

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the plea in bar in the above case. In this regard, the plea in bar is sustained on a limited basis.

The plaintiff has filed a bill of complaint for declaratory judgment asking the Court to rule upon the covenants, restrictions, and reservations applicable to Mounts Estate Subdivision. Included within the restrictive covenants that the Court is requested to review is a provision that each landowner pay $100.00 a year for the maintenance of roads in the subdivision. This requirement is contained with the original restrictive covenants recorded at Deed Book 762, page 003, and filed as Exhibit A with the bill of complaint.

The plaintiff failed to pay the $100.00 assessments for two consecutive years. Randy L. Mounts brought an action in the Amherst County General District Court to recover $200.00 for the failure to pay the $100.00 fee for two consecutive years. The General District Court of Amherst County granted judgment in favor of Randy L. Mounts against the plaintiff.

The defendants argue that the judgment entered by the General District Court is collateral estoppel as to the validity of the covenants, restrictions, and reservations.

The Court cannot find that the judgment in the Amherst County General District Court constitutes collateral estoppel on the issue of the validity of all of the covenants, restrictions, and reservations. However, it is clear that the issue of whether the $100.00 per year covenant is valid was resolved by the General District Court judgment. This is an issue that was litigated by the parties.

In Virginia, the law of collateral estoppel "precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action." *Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 446, 457 S.E.2d 86 (1995). For the doctrine of collateral estoppel to apply, the parties or their privies must be the same, the factual issues sought to be litigated must have been litigated, and the prior action must have resulted in a valid final judgment. *Transdulles Center, Inc. v. Sharma*, 252 Va. 20, 23, 472 S.E.2d 274 (1996).

The action between the parties in the General District Court meets the requirements for collateral estoppel. Therefore, the plaintiff in the instant case is barred under the doctrine of collateral estoppel from contesting the validity of the covenant set forth in Exhibit A that requires $100.00 per year be paid for the maintenance of the roads.

Because it was not litigated in the General District Court, the Court cannot find that collateral estoppel bars the plaintiff from a determination of the validity of the remaining covenants in Exhibit A. Additionally, collateral estoppel does not bar a determination of the validity of the covenants set forth on Exhibit C. Exhibit C was an amended list of covenants which was placed on record in 2004. The issues in the General District Court of Amherst County did not address the validity of the amended covenants that were recorded in 2004.