SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.
Creditor-appellant Eurocrafters, Ltd. (“Eurocrafters”) appeals from the judgment of the United States District Court for the Northern District of New York (Sharpe, J.) dismissing its appeal from two orders of the United States Bankruptcy Court for the Northern District of New York. The first order, an interim order, granted partial summary judgment in favor of the debtors and held that collateral estoppel did not bar litigation of the issue of whether or not debtors-appellees, Joseph and Trida Vicedomine (the ‘Vicedomines”), fraudulently induced Eurocrafters to fully perform on a construction contract. The second order granted judgment in favor of the Vicedomines, holding that debtors were not personally liable for the debts of the limited liability company (the “LLC”) that they owned and managed. We find Eurocrafters’s arguments without merit and affirm the decision of the district court.
The Bankruptcy Code excepts from discharge debts that are “obtained by false pretenses, a false representation, or actual fraud.” 11 U.S.C. § 523(a)(2)(A). Eurocrafters claims that a default judgment obtained against the Vicedomines in a Virginia state court has conclusively established the issue of fraud and that the Vicedomines should have been estopped from relitigating the issue in the bankruptcy proceeding.
Collateral estoppel applies to the issue of dischargeability in bankruptcy, see In re DeTrano, 326 F.3d 319, 322 (2d Cir.2003), and the preclusive effect of state court judgments in federal proceedings is determined with respect to the law of the rendering state, see Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); In re Sokol, 113 F.3d 303, 306 (2d Cir.1997). In Virginia, for issue preclusion to apply in a subsequent legal proceeding, the following factors must be found by the enforcing court:
[T]he parties to the two proceedings, or their privies, must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action. Additionally, collateral estoppel in Virginia requires mutuality, that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had *72 the prior litigation of the issue reached the opposite result.
TransDulles Center, Inc. v. Sharma, 252 Va. 20, 22-28, 472 S.E.2d 274 (1996) (internal citations omitted). Where a default judgment is offered for the purposes of collateral estoppel, an issue has been “actually litigated” if evidence as to that issue was before the rendering court at the time the default judgment was rendered. Id. at 24, 472 S.E.2d 274. However, it is the party seeking to invoke collateral estoppel that has the burden of proving each of the elements. See Wright v. Eckhardt, 267 Va. 24, 26-27, 591 S.E.2d 668 (2004).
The bankruptcy court held that Eurocrafters failed to show that evidence of actual fraud was before the Virginia state court at the time the default judgment was rendered. The district court affirmed the bankruptcy court’s decision, noting that although “Eurocrafters claim[ed] that it submitted ex parte testimonial and documentary evidence upon which the state court made findings with respect to fraud,” the record before the bankruptcy court and on appeal contained no such evidence. See Eurocrafters, Ltd. v. Vicedomine, No. 1:04-CV-855GLS, 2005 WL 1260390, at *4 (N.D.N.Y. May 18, 2005).
On appeal to this Court, Eurocrafters again argues that the decision of the Virginia court should have been given preclusive effect and that the bankruptcy court’s decision in favor of the Vicedomines should be overturned. We find no basis, however, for overturning the decisions below, as the record on appeal contains no proof that evidence of fraud was before the Virginia trial judge, nor does it show that a determination of fraud was “essential to” the Virginia court’s judgment. Because the burden of proof is on the party attempting to invoke collateral estoppel, we hold that appellant has failed to meet that burden.
Eurocrafters also argues on appeal that the bankruptcy court erred in holding that the Vicedomines should not be held personally liable on the contract. We disagree and affirm the district court’s determination that the bankruptcy court’s decision utilized the correct legal standard and was supported by the record.
For the foregoing reasons, the decision of the district court is AFFIRMED.