In re:  Roger M. DETRANO, Debtor.

Joseph O. Giaimo, Executor of the Estate of Elizabeth M. Chase Deceased, Plaintiff–Appellee,

v.

Roger M. Detrano, Defendant–Appellant.

Docket No. 01–5053.

United States Court of Appeals, Second Circuit.

Argued:  Nov. 15, 2002.

Decided:  April 15, 2003.

Roy J. Lester, Lester & Fontanetta, P.C., Garden City, NY, for Defendant–Appellant.

Michael T. Sucher, Brooklyn, NY, for Plaintiff–Appellee.

Before: KEARSE, McLAUGHLIN, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Defendant Roger M. DeTrano appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, J.) holding that a debt incurred pursuant to a settlement agreement is nondischargeable in bankruptcy if the agreement settled claims that would have created a nondischargeable debt under 11 U.S.C. § 523(a)(4), and remanding to the bankruptcy court to determine whether the obligations embodied in the settlement agreement are nondischargeable. We hold that in light of the Supreme Court's decision in *Archer v. Warner*, 538 U.S. ——, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003), the district court correctly held that courts are to look beyond the contractual nature of a settlement agreement to determine whether an underlying debt was a debt "for fraud or defalcation while acting in a fiduciary capacity" as defined by § 523(a)(4). We affirm.

## BACKGROUND

Plaintiff Joseph O. Giaimo brought this action seeking a declaration that the obligations owed him by defendant Roger M. DeTrano were nondischargeable under 11 U.S.C. § 523(a)(4). In 1979, Elizabeth Chase appointed DeTrano to manage her financial affairs under an Inter Vivos Trust Agreement. Chase died in 1988, and Giaimo was named executor of her estate (the "Chase Estate"). Between 1989 and 1993, Giaimo commenced three separate actions in the State Supreme Court against DeTrano to recover funds Giaimo alleged DeTrano had fraudulently converted while serving as Trustee. In 1993, DeTrano filed a petition and accounting in Surrogate's Court, seeking judicial settlement of his account as Trustee, to which Giaimo filed objections. The three State Supreme Court actions were subsequently transferred to and consolidated in Surrogate's Court.

The parties reached a settlement agreement in 1995, resolving the consolidated

actions. The Surrogate's Court approved the settlement, under which DeTrano agreed to pay Giaimo $480,000 plus interest in periodic payments, and to provide a mortgage on his residence and a term life insurance policy as security for the payment of the debt. The agreement provided that it was in full settlement of all claims of the Chase Estate, and that all parties would execute and exchange general releases with respect to all matters involved in the consolidated actions (except DeTrano's obligations under the settlement agreement).

DeTrano made one payment of $25,000 toward his obligations under the settlement agreement and then defaulted. Giaimo brought suit in the State Supreme Court to enforce the agreement, and in 1996 judgment was entered against De-Trano for approximately $459,000.

In 1997, DeTrano filed for Chapter 7 bankruptcy. Giaimo filed a complaint seeking a declaration that the obligations owed him pursuant to the state court judgment enforcing the settlement agreement were nondischargeable under § 523(a)(4), which provides that a discharge under the bankruptcy code does not release an individual debtor from a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Both parties moved for summary judgment.

The bankruptcy court granted DeTrano's motion for summary judgment, finding that "the debt that arises under the settlement agreement is a simple dischargeable contract debt in the ensuing bankruptcy case." *In re Detrano*, 222 B.R. 685, 688 (Bankr.E.D.N.Y.1998). The court held that "[i]t is irrelevant that the settlement was of claims, which if litigated to judgment on the merits in favor of [Giaimo], could have been excepted from the scope of the debtor's discharge." *Id.* Noting that "Giaimo released Detrano

from [the] tortious claims," the court concluded that "Giaimo must be held to his state-court approved bargain." *Id.* at 689.

Giaimo appealed to the district court, which vacated the bankruptcy court's decision. The district court held that "in bankruptcy, a court should look beyond a settlement agreement to determine whether or not the debt is in fact based on fraud." *In re Detrano*, 266 B.R. 282, 286 (E.D.N.Y.2001). Noting that "a discharge proceeding in bankruptcy court is fundamentally different from a tort action seeking damages," the court held that the settlement agreement "does not prevent an inquiry into whether Detrano in fact committed fraud or breached his fiduciary duties as alleged for the purpose[ ] of determining the dischargeability of his debt." *Id.* at 288. The court based its decision principally on the purposes and goals of the Bankruptcy Code, noting that Congress's decision to include a fraud exception in the general grant of discharge reflected a strong policy preference for protecting the rights of defrauded creditors. *See id.* The district court remanded to the bankruptcy court for a determination on the merits of Giaimo's claim that the obligations embodied in the settlement agreement were nondischargeable pursuant to § 523(a)(4). DeTrano appealed to this Court.

**DISCUSSION**

Review of an order of a district court issued in its capacity as an appellate court is plenary. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990). The factual determinations and legal conclusions of the bankruptcy court are thus to be reviewed independently by this Court. *Id.* The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo. Id.*

Bankruptcy allows "honest but unfortunate" debtors an opportunity to reorder their financial affairs and get a fresh start. *Cohen v. de la Cruz*, 523 U.S. 213, 217, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). This is accomplished through the statutory discharge of preexisting debts, with exceptions provided for certain categories of nondischargeable debts that Congress has deemed should survive bankruptcy. *See* 11 U.S.C. § 523(a). Among these exceptions to discharge are two provisions pertaining to fraudulent conduct: § 523(a)(2)(A), excepting from discharge any debt for "money, property, [or] services ... to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition"; and § 523(a)(4), excepting from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

Where the debt in question is a judgment entered after a claim of fraud has been adjudicated, either party to a subsequent adversary proceeding on nondischargeability can invoke collateral estoppel to establish that the debt is or is not dischargeable under the relevant nondischargeability provision. *See Grogan v. Garner*, 498 U.S. 279, 285–91, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (holding that where a judgment entailed proof of fraud, the debtor was estopped in subsequent nondischargeability proceeding from denying that the underlying debt was obtained by fraud). Where, however, the judgment does not indicate the cause of action on which liability is based, res judicata does not apply and a creditor is allowed to prove in a subsequent nondischargeability proceeding that the underlying debt is based in fraud. In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court held that a consent judgment that resolved state court claims, without indicating the cause of action on which liability was based, did not preclude the creditor from later raising fraud charges in a bankruptcy discharge proceeding. *See id.* at 133–35, 99 S.Ct. 2205. The Court noted that the creditor was not attacking the validity of the prior judgment but rather was "attempting to meet ... the new defense of bankruptcy which [the debtor] has interposed between [the creditor] and the sum determined to be due to him." *Id.* at 133, 99 S.Ct. 2205.

The central question on this appeal is whether the principle that informs *Brown* applies in a case in which litigation ended in settlement as opposed to judgment— that is, whether a debt incurred pursuant to a settlement agreement is nondischargeable in bankruptcy if the agreement settled claims that, if proven, would have created a nondischargeable debt. In *Archer v. Warner*, 538 U.S. ——, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003), the Supreme Court answered this question in the affirmative, holding that reducing a fraud claim to settlement did not change the nature of the debt for dischargeability purposes.

The instant case involves a claim of nondischargeability under § 523(a)(4), whereas *Archer* involved a claim of nondischargeability pursuant to § 523(a)(2)(A). The reasoning of *Archer* nonetheless controls the outcome here. As the Supreme Court explained in *Archer*:

"Congress [through the Bankruptcy Code] intended the fullest possible inquiry" to ensure that "all debts arising out of" fraud are "excepted from discharge," no matter their form. Congress also intended to allow the determination whether a debt arises out of fraud to take place in bankruptcy court, not to force it to occur earlier in state court

when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them." *Archer,* 538 U.S. at —— (quoting *Brown,* 442 U.S. at 134, 138, 99 S.Ct. 2205) (internal citations omitted). Both the § 523(a)(2)(A) and § 523(a)(4) exceptions to discharge deal with fraudulent conduct. Accordingly, if the tort claims against De-Trano would have created a nondischargeable debt under § 523(a)(4), had those claims been litigated to judgment in Giaimo's favor, then it is no defense for De-Trano to state that he has replaced that possible liability with a dischargeable contractual obligation through the settlement agreement. If the bankruptcy court determines that the debt DeTrano owes pursuant to the settlement agreement "arises out of" fraud, that debt must be excepted from discharge.

## CONCLUSION

We affirm the judgment of the district court and remand to the bankruptcy court for a determination whether the obligations embodied in the settlement are nondischargeable pursuant to § 523(a)(4).