SUMMARY ORDER
Jozef Juck appeals pro se from the judgment of the District Court for the District of Connecticut (Robert N. Chatigny, Chief Judge), affirming the decision of the United States Bankruptcy Court for the District of Connecticut to grant summary judgment to Squillante Enterprises, Inc. (“Squillante”). The bankruptcy court held that Juck was collaterally estopped from contesting the dischargeability of a debt because a Texas state court had determined that he had obtained the debt by fraud. On appeal, Juck denies that he is estopped by the Texas judgment and argues that the debt is, therefore, discharge-able.
“[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred.” New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir.1997) (citing 28 U.S.C. § 1738). “Under Texas law, the party seeking to assert the bar of collateral estoppel must establish that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.” McCoy v. Hernandez, 203 F.3d 371, 374 (5th Cir.2000) (citing Sysco Food Services v. Trapnell, 890 S.W.2d 796, 801 (Tex.1994)).
Juck claims that the fraud claim in the Texas judgment was not “fully and fairly litigated” because it was a default judgment, entered after Juck answered the complaint but failed to attend the proceedings.[1] However, under Texas law, a judg *293 ment in a post-answer default cannot be entered on the pleadings alone, and, instead, the plaintiff must offer evidence and arguments to prove his or her case. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.1979). In fact, Squillante produced record evidence that the Texas court considered “the pleadings and other papers on file,” conducted a hearing in which Commodore’s counsel presented its arguments, and concluded that Juck committed fraud. See Pancake v. Reliance Ins. Co. (In re Pancake), 106 F.3d 1242, 1244 (5th Cir.l997)(holding that, under Texas law, where the court enters a default judgment after conducting a hearing or trial at which the plaintiff meets his evidentiary burden, the issues raised therein are considered fully and fairly litigated for collateral estoppel purposes). Clearly, the second element of collateral estoppel under Texas law was satisfied because the elements of fraud were “essential” to the Texas judgment. Finally, although the Texas suit was brought by Squillante’s predecessor in interest, the parties in the instant action were effectively cast as adversaries in the Texas court proceedings. See Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 363 (Tex.1971)(holding that collateral estoppel affects equally a party and that party’s privies). Thus, Juck is collaterally estopped from denying the elements of the Texas fraud judgment.
The elements of fraud under the Bankruptcy Code and Texas law are essentially the same, compare Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Co., 51 S.W.Sd 573, 577 (Tex.2001), with Harper v. Richey (In re Richey), 103 B.R. 25, 29 (Bankr.D.Conn.1989), and section 523(a)(2)(A) of the Bankruptcy Code allows “all creditors who have secured fraud judgments, the elements of which are the same as those of the [Bankruptcy Code, to] be exempt from discharge under collateral estoppel principles,” Grogan v. Gamer, 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); see Giaimo v. DeTrano (In re DeTrano), 326 F.3d 319, 322 (2d Cir.2003). Because Juck is collaterally es-topped from denying the elements underlying the Texas fraud judgment, his debt to Squillante is nondischargeable.
Accordingly, the judgment of the district court is hereby AFFIRMED.

. Although Juck also asserts that he never received notice of the trial for which he failed to appear, he was represented by counsel in the Texas proceeding and has presented no evidence that the court failed to notify his counsel of the trial.