16-3666
Acerra, Anagnostopoulos, et al. v. Giddens (In Re: Lehman Bros. Inc.)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
              PETER W. HALL,
              CHRISTOPHER F. DRONEY,
                  <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
IN RE: LEHMAN BROTHERS INC.,
        <u>Debtor</u>,
- - - - - - - - - - - - - - - - - - - - - -

PAUL ACERRA, MARIA ANAGNOSTOPOULOS, CRAIG O. BENSON, PAOLA BIRASCHI, DAVID BROOKS, STEVEN CHRISTIE, NEIL DUBROW, MICHAEL THOMAS ENGLE, DANA FELLER, GREGORY FELLER, ROBERTO FRAZAO,

1

PAUL GASPARRO, KENNETH KOLLAR,
PETER KOLLYDAS, CRAIG KORNETT,
KAREN KREIGER, ANTOINETTE LA BELLE,
JOHN LAURINO, ROBERT LAZARUS, JOHN
D. MARZONIE, MICHAEL MCCULLY, SARA
MINSTERIS, BRIDGET O'CONNOR,
RICHARD PETERS, MICHAEL PETRUCELLI,
JOHN QUATTROCCHI, BLAYNE ROSS,
CHARLES RUDNICK, PATRICIA SALLES,
GREGG SOMMA, NANCY STANTON,
WENDY UVINO, MICHAEL WHANG,
KATHLEEN ANN WOJCIK, LUIGI
ZEPPETELLI,

   **Claimants-Appellants**,


   **-v.-**              **16-3666**


**JAMES W. GIDDENS, as Trustee for the SIPA
Liquidation of Lehman Brothers Inc.**,
   **Appellee**,

- - - - - - - - - - - - - - - - - - - -X


| FOR CLAIMANTS-APPELLANTS: | RICHARD J. SCHAGER, JR. (Andrew R. Goldenberg, on the brief), Stamell & Schager, LLP; New York, NY. |
|---|---|
| FOR APPELLEE: | JASON C. BENTON (James B. Kobak, Jr., Christopher K. Kiplok, Karen M. Chau, on the brief), Hughes Hubbard & Reed LLP; New York, NY. |

  Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants appeal from the judgment of the United States District Court for the Southern District of New York (Torres, <u>J.</u>), which affirmed the order of the Bankruptcy Court for the Southern District of New York (Chapman, <u>J.</u>) sustaining the omnibus objections filed by the Trustee appointed for the liquidation of Lehman Brothers Inc. ("LBI"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellants, former employees of LBI, received part of their compensation in cash and part in equity in the form of restricted stock units ("RSUs"). The RSUs converted into common stock in LBI's parent company, Lehman Brothers Holdings, Inc. ("LBHI"), after a five-year holding period, subject to the satisfaction of certain employment-related conditions. When LBI entered into liquidation pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa <u>et seq.</u> ("SIPA"), many employees held RSUs for which the holding period had not yet elapsed; LBI also owed RSUs that had not yet been granted to certain commission-based employees. Appellants now seek cash payments from LBI as creditors for the amounts in RSUs they held (the "Equity Award Claims") and for the amounts in RSUs that LBI owed them on the bankruptcy filing date (the "Accrued Equity Claims").

A district court has appellate jurisdiction over a bankruptcy court decision. <u>See</u> 28 U.S.C. § 158(a). "Review of an order of a district court issued in its capacity as an appellate court is plenary." <u>In re DeTrano</u>, 326 F.3d 319, 321 (2d Cir. 2003) (citation omitted). "[W]e review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law <u>de novo</u>." <u>Ball v. A.O. Smith Corp.</u>, 451 F.3d 66, 69 (2d Cir. 2006) (citation and internal quotation marks omitted).

Section 510(b) of the Bankruptcy Code provides:

3

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, [or] damages arising from the purchase or sale of such a security, . . . shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b). Section 510(b) thus implements the absolute priority rule, which gives creditors priority over shareholders in the event of liquidation. See In re Lehman Bros. Holdings Inc., 855 F.3d 459, 470 (2d Cir. 2017) ("In re LBHI").

LBHI filed for Chapter 11 bankruptcy on September 15, 2008, and LBI was ordered into liquidation pursuant to SIPA on September 19, 2008. In the separate LBHI proceeding, certain former employees (some of whom are claimants in this appeal) filed proofs of claim seeking recovery in the form of cash payments for compensation that had been paid them in RSUs. We held in that appeal that the claimants' RSU-based claims should be subordinated to the claims of general creditors because, pursuant to Section 510(b), RSUs are securities, the claimants acquired them in a purchase, and the claims based on ownership of the RSUs are for damages arising from that purchase. In re LBHI, 855 F.3d at 465. Here, the Appellants' Equity Award Claims are identical to the claims asserted in the LBHI proceeding for cash payments based on the ownership of RSUs. In re LBHI is therefore dispositive regarding the application of Section 510(b) to the Equity Award Claims, which we conclude are subject to mandatory subordination to the claims of general creditors.

Appellants argue that the Accrued Equity Claims, which are not based on RSUs but rather the right to receive RSUs, are distinguishable and should not be subordinated because the RSUs were not granted at the time of the filing of the bankruptcy petition. Section 510(b) requires subordination if a claimant "took on the risk and return expectations of a shareholder, rather than a creditor." Rombro v. Dufrayne (In re Med Diversified, Inc.), 461 F.3d 251, 256 (2d Cir. 2006). This policy rationale applies "even if there is no actual sale or purchase because even before they receive any stock or extend a line of credit, investors and creditors have different expectations." Id. at 258 (citation and internal

quotation marks omitted) (alteration omitted). Accordingly, subordination under Section 510(b) likewise extends to claims for the *failure to issue* securities if the claimant took on the risks and rewards of an equity investor. Id.; see also In re MF Global Holdings, Ltd., No. 11-15059 (MG), 2014 WL 3882363, *5-6 (Bankr. S.D.N.Y. Aug. 6, 2014) (holding that Section 510(b) extends to a claim for a bonus that would have been paid in RSUs), In re Enron Corp., 341 B.R. 141, 162-63 (Bankr. S.D.N.Y. 2006) (holding that claims alleging the failure to deliver purchased "phantom" stock should be subordinated pursuant to Section 510(b)).

The bankruptcy court found in the LBHI proceeding that "at all relevant times, the RSU Claimants understood that they would be compensated both with cash and with rights to become holders of LBHI common stock. They had a bargaining position and a choice as to whether or not to accept and continue employment at Lehman." In re Lehman Bros. Holdings Inc., 519 B.R. 47, 61 (Bankr. S.D.N.Y. 2014).[1] Accordingly, we held in In re LBHI that the claimants took on the risk and return expectations of a shareholder by agreeing to be paid a portion of their compensation in the form of RSUs, a type of security that is tied to the value of the company's common stock. 855 F.3d at 481. The fact that certain commission-based employees in the instant LBI proceeding had not yet received the RSUs to which they were entitled when LBI filed for bankruptcy is legally insignificant: the record shows that the Appellants "bargained not for cash but to become a stockholder" and that they therefore "became bound by the choice [they] made to trade the relative safety of cash compensation for the upside potential of shareholder status." In re Med Diversified, Inc., 461 F.3d at 256. Because the Appellants assumed the reward and risk expectations of shareholders when they agreed to receive compensation in the form of RSUs, the Accrued Equity Claims must also be subordinated.

Finally, Appellants argue that they have a claim for cash against LBI because LBI did not properly novate or assign its RSU-based compensation obligations to LBHI. But the RSU-program documents evidence that the Appellants never had a right to cash compensation in lieu of the RSUs: "With respect to any [RSUs] granted under the Plan, the obligations of the Company or

---

[1] During a legal sufficiency hearing for Appellants' claims, Judge Chapman held that her LBHI decision also applies to the instant LBI proceeding with respect to claims for RSUs and the failure to issue RSUs. App'x 273-74 (65:25-66:4).

any Subsidiary are limited solely to the delivery of shares of Common Stock . . . and in no event shall the Company or any Subsidiary become obligated to pay cash in respect of such obligation . . ." See App'x 512 § 8(b)). An argument that claims for cash for issued RSUs are exempt from Section 510(b) was expressly rejected in In re LBHI: "[W]e conclude that the claimants cannot assert claims arising from anything other than the purchase of RSUs because they have already been paid the compensation they were due in the form of RSUs and, as a result, have no right to any other mode of performance." 855 F.3d at 479. Similarly, here, Appellants have rights only to the delivery of LBHI stock after the five-year holding period and the satisfaction of certain employment-related conditions. Accordingly, the contract-based novation and assignment arguments that Appellants assert do not allow them to avoid subordination of their claims pursuant to Section 510(b).

We have considered Appellants' remaining arguments and conclude that they are without any merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK