Hoti Ents., L.P. v. Robert L. Rattet, Esq., et al. (In Re: Hoti Ents., L.P.)

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          PETER W. HALL,
               Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
IN RE: HOTI ENTERPRISES, L.P.,
          Debtor.
- - - - - - - - - - - - - - - - - - - - -X
HOTI ENTERPRISES, L.P.,
          Appellant,

          -v.-                                          17-1415

ROBERT L. RATTET, ESQ., JAMES B.
GLUCKMAN, RATTET PASTERNAK, LLP,

**RATTET PASTERNAK & GORDON-OLIVER, LLP,**

        <u>**Appellees**</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                        GUNILLA PEREZ-FARINGER; White Plains, NY.

FOR APPELLEES:                        ROBERT J. BERGSON, Abrams Garfinkel Margolis Bergson, LLP; New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Hoti Enterprises, L.P. ("Hoti"), appeals from a judgment of the United States District Court for the Southern District of New York (Briccetti, <u>J</u>.), which affirmed the order of the Bankruptcy Court for the Southern District of New York (Drain, <u>J</u>.) granting the defendants' 12(b)(6) motion to dismiss for lack of standing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Hoti, the former owner of a residential apartment complex in Brooklyn, defaulted on its mortgage loan in 2008 and filed for Chapter 11 bankruptcy protection in 2010. Hoti brought this adversary action in bankruptcy court asserting various claims against twelve defendants, all of them law firms or individual lawyers who represented Hoti at various times in the state court foreclosure action or the Chapter 11 proceedings, or in both.

In February 2009, GECMC 2007-C1 Burnett Street, LLC ("GECMC"), the purported assignee of the mortgage loan, filed a state court action foreclosing on

the apartment complex, and sought the appointment of a receiver.  Hoti retained Rattet, Pasternak & Gordon-Oliver, LLP (collectively, the "Rattet defendants"), to represent it in out-of-court negotiations with creditors and (if necessary) file a Chapter 11 proceeding in bankruptcy court.

Hoti alleges that GECMC "was never properly in the chain of title" to the original lender and that GECMC therefore "had no standing to sue or bring the Foreclosure Action."  App'x 118.  Accordingly, Hoti argues, the Rattet defendants should not have advised Hoti to file for Chapter 11 bankruptcy protection.  Hoti also alleges that the Rattet defendants executed a cash collateral order in the bankruptcy court proceeding without Hoti's consent and that they failed to challenge the underlying mortgage loan documents so that "Hoti's right to challenge GECMC's claim was lost."  App'x 122.  Hoti asserts claims against the Rattet defendants for legal malpractice, breach of fiduciary duty, and violation of Judiciary Law § 487.

A district court has appellate jurisdiction over a bankruptcy court decision.  See 28 U.S.C. § 158(a).  "Review of an order of a district court issued in its capacity as an appellate court is plenary."  In re DeTrano, 326 F.3d 319, 321 (2d Cir. 2003) (citation omitted).  "[W]e review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo."  Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (citation and internal quotation marks omitted).

Standing includes "'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'"  Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 84 (2d Cir. 2014) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  The "prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves."  Warth, 422 U.S. at 509.  "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Id. at 499.

Section 4.2 of the Third Modified Chapter 11 Plan of Reorganization for Hoti (the "Third Amended Plan") provides that "GECMC shall be entitled to receive all rights, title, and interest in and to . . . all Non-Avoidance Causes of

3

Action that the Debtors or the Estates may have against any Person . . ." free and clear of any other interests.  App'x 175, § 4.2.  Section 1.12 of the Third Amended Plan defines "Non-Avoidance Causes of Action" broadly and includes the claims asserted here.  App'x 165, § 1.12.  The bankruptcy court confirmed the Third Amended Plan, finding that it is "binding on the Debtors," App'x 216 ¶ 27, and the confirmation was affirmed by the district court and this Court, In re Hoti Ents. L.P., 562 F. App'x 1 (2d Cir. 2014), cert. denied, Hoti Ents. L.P. v. 2007 C-1 Burnett St., LLC, 135 S.Ct. 160 (2014).  Accordingly, as the bankruptcy court held, Hoti asserts claims that belong to GECMC under the Third Amended Plan, and therefore lacks prudential standing.

Hoti advanced a single argument on appeal in the district court: because the Rattet defendants entered into the cash collateral order without Hoti's consent and failed to challenge GECMC's foreclosure action after the filing of the Chapter 11 petition, any claims resulting from such conduct belong to Hoti and not the bankruptcy estate.  However, the district court determined that because Hoti failed to raise this argument in the bankruptcy court, it was waived.  Special App'x 11.  Hoti offers no argument disputing the district court's conclusion.  Accordingly, we decline to consider this argument on appeal.  Bogle–Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted and alteration in original)).

We have considered Hoti's remaining arguments and conclude that they are without any merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4