18-2531(L)
*In re: Johns-Manville Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

IN RE: JOHNS-MANVILLE CORPORATION,

> *Debtor*.

---

MARSH USA, INC.,

> *Appellant*,

v.

THE BOGDAN LAW FIRM, as Counsel for Salvador Parra, Jr.,

> *Appellee*.

18-2531-bk (Lead)
18-2539-bk (Con)

---

For Appellant:                    MITCHELL J. AUSLANDER, Willkie Farr & Gallagher LLP, New York, NY; Joseph G. Davis, Willkie Farr & Gallagher, Washington, DC; John A. Koepke, Jackson Walker LLP, Dallas, TX

1

For Appellee:                              TODD E. DUFFY, Duffy Amadeo, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

Appellant Marsh USA, Inc. ("Marsh") appeals from a July 27, 2018 order of the United States District Court for the Southern District of New York (Rakoff, *J.*), reversing a January 24, 2018 order of the United States Bankruptcy Court for the Southern District of New York (Morris, *C.J.*).[1] The bankruptcy court's order enjoined Salvador Parra, Jr.'s ("Parra") state-law claims against Marsh and mandated that any such claims be brought instead against the Manville Trust, a fund established pursuant to a 1986 bankruptcy settlement to compensate individuals harmed by asbestos products manufactured or sold by the Johns-Manville Corporation ("Johns-Manville"). Certain orders of the bankruptcy court issued by Judge Lifland at the time of the settlement (the "1986 Orders") require that all claims related to settling parties' relationships with Johns-Manville be brought against the Manville Trust.[2] In this appeal, the parties principally disagree over whether Parra received sufficient due process in the 1986 bankruptcy proceedings to render the

---

[1] Marsh also appeals a March 14, 2016 order of the United States District Court for the Southern District of New York (Scheindlin, *J.*), remanding the case to the bankruptcy court to determine the extent to which Parra was adequately represented during the Johns-Manville bankruptcy proceedings in connection with his *in personam* claims against Marsh. Our determination that the bankruptcy court did not clearly err on remand in developing the factual record conclusively resolves this appeal in Marsh's favor. Accordingly, we need not reach Marsh's challenge to Judge Scheindlin's order.

[2] In this order, all references to "the bankruptcy court" are to Chief Judge Morris unless explicitly associated with Judge Lifland.

1986 Orders enforceable against him.[3] Because the bankruptcy court did not clearly err in concluding that Parra's interests as to both *in rem* and *in personam* claims were represented by the Future Claims Representative ("FCR") in these proceedings, we reverse the judgment of the district court and reinstate the bankruptcy court's order enjoining Parra's state-law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*        \*        \*

The 1986 Orders channel all Johns-Manville-related claims against settling insurers and insurance brokers (including Marsh) (collectively, the "Settling Insurers") into the Manville Trust—whether those claims arise from the Settling Insurers' contractual obligation to cover Johns-Manville's liability (*in rem* claims) or from their own conduct "based upon, arising out of or relating to" that coverage (*in personam* claims). *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 148–51 (2009). Those orders have long since become *res judicata* as to then-present parties "and those in privity with them."[4] *Id.* at 152. In enjoining Parra's claims, the bankruptcy court found that Parra is bound by the 1986 Orders because he was represented *in absentia* by the FCR, whom the bankruptcy court appointed to advocate for parties like Parra who may have been harmed by Johns-Manville's asbestos products, but who had not yet manifested symptoms of asbestos-related

---

[3] Marsh also argues that the district court lacked subject matter jurisdiction to hear Parra's appeals from the bankruptcy court because the notice of appeal named Parra's counsel (identifying the firm "as counsel for Salvador Parra, Jr.") rather than Parra himself. Like the district court, we decline to dismiss the appeal for what can be, on this record, characterized as a captioning error. *See Manrique v. United States*, 137 S. Ct. 1266, 1274 (2017) ("The court of appeals may, in its discretion, overlook defects in a notice of appeal . . . .").

[4] Although the 1986 Orders remain binding on these parties, we have since found that the scope of those orders exceeded the issuing court's jurisdiction. *See In re Johns-Manville Corp.*, 600 F.3d 135, 158 (2d Cir. 2010).

disease. *See Taylor v. Sturgell*, 553 U.S. 880, 894–95 (2008) ("[A] nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit. . . . [including] trustees, guardians, and other fiduciaries." (quoting *Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996))). The FCR's representation, the bankruptcy court found, encompassed both future claimants' potential *in rem* and *in personam* actions against the Settling Insurers. The district court reversed the bankruptcy court's order, concluding that the FCR represented claimants like Parra in connection with their *in rem* claims only.

Our review of the order of a district court in its capacity as an appellate court is plenary. *In re DeTrano*, 326 F.3d 319, 321 (2d Cir. 2003). We therefore review the bankruptcy court's factual conclusions for clear error and its legal determinations *de novo*. *In re CBI Holding Co., Inc.*, 529 F.3d 432, 449 (2d Cir. 2008). A factual finding—in this case the determination that the FCR actually represented future claimants in connection with their *in personam* claims—is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (internal quotation marks omitted). Because we conclude that the bankruptcy court did not clearly err in finding that the FCR's advocacy on behalf of future plaintiffs extended to their *in personam* claims, we reverse the district court and reinstate the January 24, 2018 order of the bankruptcy court.

In a May 13, 1985 memorandum to the bankruptcy court—as well as in subsequent hearings—the FCR urged Judge Lifland to cabin the language of the ultimate order, which appeared to enjoin both *in rem* and *in personam* claims, to encompass only the former. The FCR explained that although the settling parties generally agreed that the bankruptcy court's jurisdiction is limited to *in rem* claims, he was compelled to request clear language to the effect that "the injunction and channeling order requested is *in rem*" due to the parties' "disagree[ment] as to

whether the relevant language . . . is limited to this Court's *in rem* jurisdiction." J.A. 1390. In other words, the FCR sought to prevent the bankruptcy court from issuing an order channeling *in personam* claims based on the FCR's view that the bankruptcy court had no jurisdiction to issue such an order. Although ultimately unsuccessful, *see Bailey*, 557 U.S. at 150, this request itself provided the bankruptcy court with substantial evidence that the FCR advocated for future claimants in connection with their potential *in personam* claims.

That the settling parties may have agreed that Judge Lifland lacked jurisdiction over these claims is not compelling evidence that the FCR understood his representation to encompass anything less than all of future claimants' potential claims against the settling insurers.[5] Indeed, the FCR would have had little reason to request that Judge Lifland's order not enjoin *in personam* claims if his representation did not reach such claims. This is especially true as applied to the order enjoining claims against Marsh. Since Marsh did not issue any insurance policies, *all* foreseeable suits against it would necessarily be *in personam*. Because the record supports the conclusion that the FCR advocated for the exclusion of *in personam* claims to protect the interests of future claimants, the bankruptcy court did not clearly err in concluding that the FCR provided Parra with adequate representation on that score. *See Taylor*, 553 U.S. at 900 (holding that adequate

---

[5] At the time of the FCR's representation, it was not settled law that the bankruptcy court could not enjoin *in personam* claims against the Settling Insurers. As recently as 2009, the Supreme Court in *Bailey* cautioned that "[w]e do not resolve whether a bankruptcy court, in 1986 or today, could properly enjoin claims against nondebtor insurers that are not derivative of the debtor's wrongdoing." *Bailey*, 557 U.S. at 155. Our Circuit did not definitively resolve the issue until 2008. *See In re Johns-Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008), *rev'd on other grounds sub nom. Bailey*, 557 U.S. at 156. Because the FCR's argument that Judge Lifland's jurisdiction was limited to the *res* was rooted in the parties' common understanding rather than in controlling law, we disagree with the district court's conclusion that it would have been "nonsensical" for the FCR to contemplate that the bankruptcy court could enjoin future claimants' *in personam* claims, and to advocate for the exclusion of such claims from the 1986 Orders. *See In re Johns-Manville Corp.*, 319 F. Supp. 3d 633, 641 (S.D.N.Y. 2018).

representation requires that "[t]he interests of the nonparty and her representative are aligned" and "the party understood herself to be acting in a representative capacity.").

Because the district court determined that the FCR did not afford Parra adequate representation in connection with his potential *in personam* claims against Marsh, it did not reach the question of whether Parra received adequate notice of the bankruptcy proceedings to be bound by the 1986 Orders. At least in the unique circumstances of the Johns-Manville bankruptcy—including the appointment of a special representative for future claimants—we conclude that the notice provided to Parra and other similarly situated claimants was constitutionally sufficient. As Judge Lifland wrote in 1986, the publicity campaign accompanying the bankruptcy proceeding was "designed to inform as many future asbestos claimants as possible . . . [about the] proceedings," providing for, *inter alia*, "national television and radio advertisements, [and] newspaper advertisements in the six leading U.S. and Canadian newspapers and in the largest circulation daily newspaper in each state . . . ." *In re Johns-Manville Corp*., 68 B.R. 618, 626 (Bankr. S.D.N.Y. 1986), *aff'd sub nom. Kane v. Johns-Manville Corp.*, 843 F.2d 636, 650 (2d Cir. 1988); c*f. Stephenson v. Dow Chemical Co.,* 273 F.3d 249, 260 (2d Cir. 2001) (holding that due process in class action proceedings requires "notice reasonably calculated to apprise interested parties of the pendency of the action"). Our conclusion is limited, and we take no position on what notice may be required under different circumstances, such as where a potential claimant does not receive the level of representation provided by the FCR. *Cf. Taylor*, 553 U.S. at 900 n.11 (citing *Richards v. Jefferson Cty*., 517 U.S. 793, 801 (1986)) (suggesting that the degree of required notice may depend on the adequacy of representation).

We have considered the Appellee's remaining arguments and find them to be without merit. Accordingly, we **REVERSE** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk